# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*DOCKET NO .*

## 15 CV 8427

| | |
|---|---|
| Anne Bryant, Plaintiff | C O M P L A I N T |
| -v- | |
| Noel L Silverman, Esq; | **FRAUD UPON THE COURT** |
| Patrick J Monaghan Jr, Esq; | |
| John and Jane Does 1-5; | J U R Y   D E M A N D |
| ABC Corporations 1-5, | |
| Defendants | (CIVIL ACTION) |

Plaintiff, ANNE BRYANT, proceeding *Pro Se*, deposes and says:

"I Affirm under penalty of perjury, that facts alleged by me in this

Complaint are true to the best of my knowledge; and, any statements I've

made here by information and belief, I believe them also to be true."

## I N D E X

1- Caption , 2- Index, 3 -Exhibits

4- Cause of Action, Generally

7- Parties to the Action;

9- Jurisdiction and Venue; Personal Jurisdiction

11- (A) Fraud Upon the Court

12- (B) Plaintiff's Discovery of Material Facts

13- DISCUSSION – *The Big Lie*

14- (C) An Illegal Merger

16- DISCUSSION — the "Swindle"

17-(D) Willful Blindness

18– A Tangled Web

19-Settlements

21--(E) The Second Filed Action: NY Sup. Ct. #5192/00 & 2821/02

    Agreements in 2000 Action

23- (F) Legal Abuse

       Two Fraudulent Agreements

24- Conclusions

26- (G) Damages

28-  Affirmation

29- Notices

*EXHIBITS*

**Exhibit A,** 11/8/1989 Separation Agreement);

**Exhibit B,** Plaintiff's required resignation as a signatory

to *"Kinder & Bryant Ltd,"* Citibank corporate accounts, 11/8/89

**Exhibit C**—Letter to Hon. Margaret Garvey, 9/28/12

**Exhibit D**—Retaining  Lien, 2/5/13

**Exhibit E**—Original Trial Exhibit List (2004)

**Exhibit F,** NY Dept of Treasury Tax Abstracts for

Kinder Bryant & Aquino Ltd. (1988-1992)

**Exhibit G,** "No Merger" confirmation letters

from NY and NJ Dept. of the Treasury

**Exhibit H,** Union Contract numbers for

TV Themes and Feature Songs produced by Plaintiff

**Exhibit I,** Chart, Legend and Summary

**Exhibit J,** Letter to Mr Silverman 07/15

**Exhibit K,** 1991 Complaint, pages

**Exhibit L,** 2000 Complaint, pages

**Exhibit M,** The JEM Agreement

**Exhibit N,** Docket sheets

**Exhibit O,** SONY Purchase Binder, pages

## Cause of Action, Generally

a.   *Plaintiff,* Anne Bryant is a person of good will, who comes to this Court alleging that her attorneys, Noel Silverman and Patrick Monaghan acted in bad faith by their inactions and actions, including willful blindness, deceit and malpractice; aiding and abetting each other in breaching their fiduciary duties owed to this Plaintiff; and covering up the frauds and misdeeds of Plaintiff's adversaries; and, engaging in a conspiracy against Plaintiff's rights, ("in concert liability claims").

b.   And, by wasting of this Plaintiff's legal rights and remedies when matters were fresh, including preempting Plaintiff's opportunities to acquire tax records and other authentic business records, Attorneys Silverman and Monaghan benefited Plaintiff's adversaries to Plaintiff's detriment.

c. Among the fraudulent actions and enterprises of Plaintiff's

adversaries that were covered up by Plaintiff's attorneys, are

violations controlled by Acts of Congress, namely: E.R.I.S.A., 29

U.S.C. §1145; [1]  The Social Security Act, 42 U.S.C. § 408 (a)(8); [2]

the Copyright Act, 17 U.S.C., Ch. 2 & 5; [3] The "Commerce

---

[1]  Plaintiff discovered that Attorney Monaghan had indeed subpoenaed voluminous documents for the 1991 Action—*documents Plaintiff had never seen;* since 1991, Attorney Monaghan has hoarded approximately 2000 Union contracts, in which Plaintiff, the actual performer, is replaced by non-performing persons, resulting in wage theft and theft of Plaintiff's pension contributions and benefits. But lacking this contract information that Attorney Monaghan has withheld all this time, Plaintiff cannot challenge the Pension Plans in three performer unions, to restore the Plaintiff's contributions; so, the enduring consequence is that Plaintiff's Union pension retirement benefits are only a fraction of the pensions Plaintiff actually earned.

[2] And, Plaintiff discovered at the close of 2012 , that information from BMI's lawyers, Hughes Hubbard & Reed, that had been provided to Attorney Monaghan, in response to a subpoena in 2003, that included a false Power of Attorney from 1989 that authorized a music publishing administrator to exercise complete power and control over Plaintiff's musical works and career, and personal business, including the right to receive Plaintiff's tax documents, inter alia; and, a forged business record from the accounting department of Broadcast Music Inc ("BMI") that represented a one-digit alteration of Plaintiff's SSN.

[3]  Plaintiff also discovered that the complete ASCAP publishing catalogue of the publisher, "Wildstar Music," that had been subpoenaed in 2001 from the American Society of Authors and Composers ("ASCAP"), evinces registrations of Plaintiff's themes to a deceased ASCAP (and BMI) songwriter named "Anne (Marie) Bryant" (not Plaintiff), as well as Plaintiff's former partner, (Kinder), and former client, (Bacal).

Clause," Article 1, § 8, clause 3, U.S. Constitution, (as well as NYDCL, Article 10, §270-281; and, Uniform Fraudulent Transfer Act, NJ). [4] and, Amendment XIII of the U. S. Constitution;[5]

d.   Plaintiff seeks relief from this Court pursuant to Fed. R. Civ. P. 60(b) in this independent action for Fraud Upon the Court:

Plaintiff alleges here that a Separation Agreement that was negotiated and created in 1989 by Attorney Silverman for the purpose of settling Plaintiff's ownership interests in a (co-owned) NY Music Production Business, was fraudulent in purpose and design; and, that Attorney Monaghan has knowingly based a series of litigations on facts misrepresented in the 1989 Agreement. **(Exhibit A**, 11/8/1989 Separation Agreement); (**Exhibit B**, Plaintiff's required resignation as a signatory to *"Kinder & Bryant Ltd,"* **Citibank** corporate accounts, 11/8/89).

---

[4] Fraudulent Conveyances, see *infra*, "(C) Illegal Merger," at p. 14-16; and, Exhibit. O.

[5] In large measure, Plaintiff, who worked double-full time for seven years to compose, arrange and produce music on a daily basis for the clients, Griffin Bacal Inc and Sunbow Productions Inc, was working (unknowingly, involuntarily) without payment and benefits.

i

Parties to this Action

*e.*   **Plaintiff, ANNE BRYANT** is a composer, arranger and music producer of feature songs, commercial jingles and iconic music themes; and, the co-owner of a New York Music Production Business at issue in these actions.

The royalties and residuals generated by the Musical Works, as well as the Music Production Business itself, have been the subject of more than twenty-five years of litigation.

Anne Bryant is a resident of Sarasota, Florida.

*f.*   **Defendant, NOEL L SILVERMAN** is an attorney in practice in New York, specializing in the field of Music and Entertainment Law, who negotiated and created a Separation Agreement in 1989 on behalf of Plaintiff, Anne Bryant in order to settle her (50%) ownership rights in the New York Music Production Business; and, to document other terms and understandings in connection with policies and agreements with third parties, *e.g.* Union Contracts and Writer Royalty

Registrations pursuant to the Musical Works created from 1983-1990,

and continuing income generated from them—*in perpetuity.*

By information and belief, Attorney Silverman resides in New

York.

*g.*    **Defendant, PATRICK J MONAGHAN, JR,** an attorney

specializing in Litigation in New York and New Jersey, was retained

by Plaintiff in connection with a breach in 1990-91 by Plaintiff's former

partner, "Ford" Kinder, of the 1989 Separation Agreement created by

Attorney Silverman—an agreement that was litigated by Attorney

Monaghan in an original Action in the Supreme Court (Rockland

County) from 1991-1995. Facts presented in the 1989 Separation

Agreement were adopted and assumed in subsequent Actions filed by

Attorney Monaghan in the NY Supreme Court, (Rockland Co), and in

2007 in the S.D.N.Y.

By information and belief, Attorney Monaghan resides in New

Jersey.

<u>*Jurisdiction and Venue*</u>

*h.*      Under 28 U.S.C. § 1332(a), this Court has jurisdiction *re* "Diversity of

Citizenship," in that Plaintiff is of diverse citizenship from the

Defendants,  and the controversial matters in this Complaint exceed

$75,000, exclusive of interest and costs.

Under 28 U.S.C § 1391(a) (2*), this forum is the proper Venue* due to the

fact that substantial parts of the events or omissions compelling this

Complaint occurred in New York.


<u>*Personal Jurisdiction*</u>

This Court has jurisdiction over the Defendants, in that each Defendant

has at least one or more of the following contacts and grounds for the

exercise of *in personam* jurisdiction:

*a.* The regular transaction of business in this jurisdiction, or;

*b.* In connection with the respective documents at issue here cited identified to

that Defendant, such Defendant has executed and/or performed actions

pursuant to those documents in this jurisdiction or consented to jurisdiction

in its respective document; or,

*c.*  In connection with the respective documents cited, herein, engaged in actions having an effect in this jurisdiction; or,

d.  Is incorporated or qualified to do business in the State of New York; or, has engaged in conduct in NY State, sufficient to permit the exercise of *in personam* jurisdiction over such Defendant pursuant to New York CPLR § 302.

|

**Now, Therefore,**

va subito)

A

Fraud Upon the Court

1    Plaintiff alleges a Fraud Upon the Court, and a Fraud on this

Plaintiff by Plaintiff's Attorneys, Noel L Silverman and Patrick J

Monaghan Jr., in the matter of the first filed action, _Bryant v. Kinder,_

_et al,_ Index  #8721/91. [6]

2    Attorney Monaghan continued the Fraud and Deceit in subsequent

actions, _Bryant v. Broadcast Music_ et al, Index #5192/00, [7] and, in a

related filing of a Federal action against more than 50 Defendants,

_Bryant v. AB Droits,_ et al (ECF No.1); Docket No. 07-CIV-6395 (PAC-

HBP), _(stayed)._

3    Fraud Upon the Court occurred from the reliance upon

representations made in an agreement created by Defendant,

Attorney Silverman in 1989, (that Plaintiff believed to be the final

---

[6] In the New York Supreme Court, Rockland County, an Action demanding an Accounting and claiming Breach of Contract, Breach of Fiduciary Duty, Conversion, Conspiracy and Fraud, inter alia.

[7] In the New York Supreme Court, Rockland County, Index No. 5192/00 was consolidated with Index # 2821/02 _Bryant v. Sunbow Productions Inc._

settlement of Plaintiff's ownership interests in the Music Production

Business represented as *"Kinder & Bryant Ltd,"* "a New York

Corporation").

<u>B</u>
<u>Plaintiff's Discovery of Material Facts</u>

4      Until **2012**, Plaintiff believed *"Kinder & Bryant Ltd,"* was the actual,

legal New York Corporation that had replaced the original (1983)

NY corporation, <u>Kinder Bryant & Aquino Ltd</u> in 1985, *via* an Official

Name Change filed with the NY State departments, and the IRS. [8]

5      On August 20, 2012, Plaintiff learned from an IRS agent that *"Kinder*

*& Bryant Ltd"* was not found in the databases of the IRS; *that is,*

no Federal ID number; no corporate papers, and no records that

*"Kinder & Bryant Ltd"* had ever reported and paid federal taxes.

According to the IRS agent, *"Kinder & Bryant Ltd"* was never a

legal entity formed by any means anywhere in the United States,

*va subito ("v.s.")*

---

[8] It was Plaintiff's understanding that Attorney Monaghan had prepared and filed the Official
Name Change Papers in 1985.

(**Exhibit  C**—*see* Letter to Hon. Margaret Garvey, JSC); [9] **Exhibit D**

— Retaining Lien); (**Exhibit E**—2004 (*phase one*) Trial Exhibit List).[10]

DISCUSSION "The Big Lie"

6    *"Kinder & Bryant Ltd,"* was the **Big Lie in the 1989 Separation**

**Agreement**— *there was no such corporation:* The *Big Lie* was used to

**swindle** Plaintiff out of her rightful share (50%) of the Music

Production Business in 1989; the *Big Lie* was seeded by Attorney

Monaghan in the first filed action in the NY Supreme Court

(Rockland)—*Index No. 8721/91,* – afterwhich the *Big Lie* became

**assumed as fact** going forward in actions that Attorney Monaghan

---

[9] Despite objections and threats by Attorney Monaghan, who insisted to Plaintiff that *"Kinder & Bryant Ltd* must have fallen off the Corporation Databases, Plaintiff advised Hon. Margaret Garvey and the Parties in the second action Supreme Court, Rockland, Index No. 5192/00, of the information Plaintiff learned on 8/20/12 from the IRS concerning the illegitimacy of *"Kinder & Bryant Ltd."* (Ex C, Plaintiff's letter of 9/28/12). The information was especially relevant in the action nearing its third trial phase, after 12 years of motion practice, because the agreement(s) that were being litigated in that Breach of Contract action called for payment of millions in fees and recording expenses to *"Kinder & Bryant Ltd"*—a fictional company that could not have legally received the money. (And, Plaintiff never received any of that money).

[10] Attorney Monaghan filed an Order to Show Cause, (citing "irreconcilable differences" with Plaintiff), seeking permission to withdraw from the action that was scheduled for trial on 10/22/12. Judge Garvey granted leave for Attorney Monaghan to withdraw On November 23, 2012, and re-scheduled the Trial for 7/15/13. Then, on 2/5/13, Mr. Monaghan filed a Charging Lien and a Retaining Lien—thereby withholding key Trial exhibits from two previous trial phases (2004 and 2006), to the detriment of this Plaintiff in the 7/15/13-7/25/13 final Trial, (Ex E, Trial Exhibit List).

filed in the NY Supreme Court (Rockland)—*Index No. 5192/00 and 2821/02,* and in an attempted deceit in the S.D.N.Y.—*Docket No. 07-CV-6395 (PAC-HBP)*—(stayed).

*Verifying IRS Information*

7       It took a year and more (2013, 2014) for Plaintiff to receive records from government agencies that Plaintiff needed to confirm the IRS information that the original corporation, <u>Kinder Bryant & Aquino Ltd</u>, had remained operational.[11] (**Exhibit F**, NY Dept of Treasury ("NYDOT") Tax Abstracts for Kinder Bryant & Aquino Ltd. (1988-1992)).

<u>C</u>

<u>An Illegal Merger</u>

8       The IRS also advised Plaintiff, on 8/20/12, that Kinder had notified the IRS in 1991 that he merged Kinder Bryant & Aquino Ltd— a New York corporation, with his wholly-owned corporation, Kinder & Company Inc, the *surviving* New Jersey corporation.

---

[11] The NYS Corporation Database indicates that Kinder Bryant & Aquino Ltd was dissolved by proclamation in 1996.

Discussion:

*The fact that an illegal merger had occurred was known or knowable by Attorney Monaghan in advance of preparing and filing the 1991 Complaint, but it was not alleged in his Complaint. And this explosive information would have opened up the Pandora's box of frauds, buried in the substratum of Plaintiff's Music Production Business; the frauds and misdeeds could have been handled in 1991; and twenty-five years of expensive, frustrating, fruitless litigation could have been averted. (See Docket sheets, Ex N, infra).*

9    In 2013, NY and NJ reported that Kinder had not filed a merger plan with the states; and no final merger papers were filed with NY State. Thus, Plaintiff, a 50% stockholder of Kinder Bryant & Aquino Ltd, was not notified of this merger that fraudulently conveyed the receipts and assets, including many hundreds of (heavily licensed) final, Master Audio Recordings, embodying Plaintiff's arrangements of the songs, themes and jingles (Copyright Act, 17 USC §501*(b)*) — and performances of union singers and musicians—including Plaintiff, engaged through

Collective Bargaining Agreements. <u>ERISA</u> 29 USC §1145.

(**Exhibit G**, "No Merger" confirmation letters from NY and NJ

Dept. of the Treasury); (**Exhibit H**, Union Contract numbers for

TV Themes and Feature Songs produced by Plaintiff). [12]

<u>DISCUSSION</u> – "The Swindle"

Attorney Silverman created an agreement that provides payment of

virtually all compensation for Plaintiff's share of the musical works— the

"Contingent Compensation," to be paid to Plaintiff *over time,* as it was

received by <u>*"Kinder & Bryant Ltd."*</u> However, *because there was no such*

*corporation,* it's obvious that <u>the 1989 Separation Agreement</u> **breaches**

**itself**—(*void ab initio*)—by misrepresenting Plaintiff's Music Production

Business as *"Kinder & Bryant Ltd,"* "a New York Corporation;" as such,

Plaintiff's ownership interests in the (actual), valuable Music Production

Business <u>Corporation</u>, Kinder Bryant & Aquino Ltd, have never been

settled, because Plaintiff was bought out of *"Kinder & Bryant Ltd"* a

---

[12] Plaintiff arranged and produced hundreds of valuable recordings for the Music Production Business each year, 1983 –1990. To Plaintiff's knowledge, the production costs for the expensive "live" music sessions were advanced for the clients by Plaintiff's Music Production Business. (Kinder handled the business affairs of the production business).

company that did not exist, on terms that *"Kinder & Bryant Ltd"* could

never deliver.[13]

## D

## Willful Blindness

17   When Kinder did not pay Bryant in 1990 and 1991 as agreed in the

1989 Separation Agreement— (Kinder breached the *terms*, and he

would not respond to Plaintiff's letters and phone calls)—Plaintiff

took the matter to  Attorney Monaghan.

18   When Plaintiff's attorneys, Silverman and Monaghan discussed the

files in the matter in 1991, prior to Attorney Monaghan's preparing

and filing the 1991 Complaint against Kinder and "the Kinder

Defendants," the attorneys knew or should have known that *"Kinder*

*& Bryant Ltd"* was a LIE, and that the Plaintiff had been swindled by

way of a fraudulent Separation Agreement. Yet, the central claim in

the 1991 Complaint, "Breach of Contract" —a pleading  that Attorney

---

[13] Other than reimbursement for 1/3 the cost of new furnishings and studio recording
equipment, Plaintiff received payments totaling less than $30,000 in the two years
following the execution of the 1989 Separation Agreement. That amount is virtually
nothing, when one considers that millions of dollars in fees, music publishing royalties, re-
bills and reimbursements were owed to *"Kinder & Bryant Ltd"* annually, for high volume
original  music production.

<u>Monaghan did not sign</u>,[14] was litigated,  anyway, by Attorney

Monaghan and Kinder's lawyers, based upon the fraudulent 1989

Separation Agreement. Thus, Attorney Monaghan's 1991 action

sought to enforce a contract that was unenforceable, while true

controversies — <u>multiple frauds</u> that existed at the time, were <u>covered</u>

<u>up</u>. (**Exhibit I**, *See* Chart and list).

*A Tangled Web* — [15]

20    By his un-ethical silence, <u>Attorney Silverman</u> perpetuated the *"Kinder*

*& Bryant Ltd"* <u>LIE</u>,; thus, he aided and abetted the Fraud on the Court

in 1991, and he aided and abetted Attorney Monaghan's Breach of

Fiduciary Duty to the Plaintiff, (*see* — **Exhibit J**, Plaintiff's Letter to

Mr  Silverman, 07/15). [16] Attorney Silverman contributed to

Attorney Monaghan's action  to file the  fictitious pleading that

---

[14] Attorney Monaghan instructed Plaintiff to sign the 1991 Complaint, advising that the Plaintiff was required to do so.

[15] In 1991, had Plaintiff learned of the "*Kinder & Bryant Ltd*" <u>swindle</u>, Plaintiff would have had serious, timely Malpractice claims against Attorney Silverman. *And,* multiple frauds involving Kinder and others would have surfaced in a timely fashion, when matters were fresh.

[16] Lack of concern, remorse, even until today, is evident by Attorney Silverman's avoidance of the opportunity Plaintiff provided this summer in a letter to him, (**Exhibit J**, 7/20/15 Letter to Mr. Silverman), calling for a response that never came—no attempt at all

damaged Plaintiff's legal rights and remedies: thus, a 25-year, litigation franchise was established : one <u>that consistently protected and benefited Plaintiff's adversaries</u>, while Plaintiff's Official Documents and Authentic Business Records marinated in deceit for more than twenty-five years. [17] (**Exhibit K**, 1991 Complaint, *pages*).

*Settlements*

20    So long as the *"Kinder & Bryant Ltd"* <u>LIE</u> was suppressed, it was not possible for this Plaintiff to figure out what had gone on; so, no just settlements with Kinder (1994 and 2001), or with Plaintiff's former client, Defendant Jules M "Joe" Bacal[18]  (in 2004) were achievable.

---

to reconcile the damage of his making, no offer of aid. He didn't care then; he doesn't care now.

[17] Attorney Silverman exiting the picture now, observes the Omertá, his misdeeds left behind to pollute proceedings going forward.

[18] In 2004, Attorney Monaghan was aware that Plaintiff's five-figure settlement ("with prejudice") with "Joe" Bacal was unfair and  inadequate, because production contracts between Mr Bacal's companies, Griffin Bacal Advertising Inc "GBI," and Sunbow Productions Inc – w *"Kinder & Bryant Ltd,"* a fictional company, had effectively circumvented payment to (an unaware) Plaintiff of millions of dollars for her double-full time creative work in the 1980s. (con'd)

Plaintiff alleges that Attorney Monaghan knew or should have known that there was no *"Kinder &Bryant Ltd"* corporation; and, Attorney Monaghan knew or should have known that Plaintiff's actual, legal NY corporation, Kinder Bryant & Aquino Ltd, had been merged in 1991, <u>by Kinder</u>, in order to hijack the music properties into Kinder's own NJ Corporation, Kinder & Company Inc.

As such, Attorney Monaghan has been reckless in affecting settlements with defendants, Kinder and Bacal in major Court

---

These contracts with *"Kinder & Bryant Ltd,"* the fictional company, raise other questions: *How did Griffin, Bacal and Kinder declare their taxes?—See reference to off-shore bank accounts in the JEM Agreement, §6(b), Exhibit M, infra.*

Also, given the documents in his possession, it is difficult to believe that Attorney Monaghan was agreeable to Mr Bacal paying only five figures in a settlement, when Bacal and his partner, Griffin were the major stockholders and prime movers in a fraudulent conveyance of our Original Musical Works (17 USC § 501(b)) and Productions, (29 USC §1145 ERISA), that caused the theft of several million dollars from this Plaintiff and the Union Performers.

(See Exhibit "O," *infra*), the *Sunbow-w-Sony Music Entertainment Inc* Closing Binder— entered into evidence in the 2004 (phase one) trial, labeled Plaintiff's "Exhibit #46." This exhibit withheld by Attorney Monaghan; Plaintiff was not permitted to read the Binder until March 2012, and returned it at the end of the month, as agreed. The Binder was withheld again until 7/9/13, just a few days before the trial scheduled for 7/15/13.

The Closing Binder was never explored in any of the three full trial phases; and the Binder was not discussed or exhibited to the SDNY 2007 action against more than 50 licensees.

Actions, that had the effect of shutting down inquiries

concerning their back door operation to steal Plaintiff's shares

of music production services income and future writer royalties

and performer/ musician payments and pension benefits.

**E**

The Second Filed Action
*(NY Supreme Court, Index Nos. 5192/2000 & 2821/2002)*

(**Exhibit L**, 2000 Complaint, *pages*)

<u>Agreements in the 2000 Action</u>

21     Knowing that there was no such company as *"Kinder & Bryant*

*Ltd,"* Attorney Monaghan allowed Sunbow Productions to claim

that *because of two major floods,* agreements between defendant,

"Sunbow Productions Inc" and *"Kinder & Bryant Ltd."*

could not be found – and Attorney Monaghan allowed defendant,

Sunbow to plead this story for four years in three different courts.

22     In 2004, Attorney Monaghan, knowing that there was no such

company as *"Kinder & Bryant Ltd,"* did not object when, in mid-

trial, Defendant Sunbow *"found"* the **"JEM Agreement"** [19]

between "Sunbow Productions Inc" and *"Kinder & Bryant Ltd,"*

which the Rockland Court <u>deemed</u> the agreement that would

govern the Writer-*w*-Publisher terms between the parties,[20] Anne

Bryant and Sunbow Productions, Inc,  (**Exhibit M**, the JEM

Agreement).

24   <u>Plaintiff alleges the obvious</u>:  The "JEM Agreement" is its own

evidence of Breach of Contract and Fraud Upon the (Rockland)

Court in the second filed action, because there was no such

corporation as *"Kinder & Bryant Ltd,"* to whom Sunbow agrees

*(on  p.1, ¶2 of the JEM Agreement)* to pay *(token)* production fees

---

[19] The "JEM Show" was an iconic 80's musical-theatrical animated TV series for which Plaintiff and Kinder wrote185 original songs with lyricist Barry Harman. Plaintiff wrote the two main themes for the show and the final arrangements—(appx. 100 recording sessions,_**See Exhibit H- CBAs ).**

[20] In addition to the JEM themes and songs, the JEM Agreement represented the publishing terms (which are Standard Writer –w-Publisher Terms) of Plaintiff's valuable TRANSFORMERS MAIN THEME, the Great Space Coaster Theme, and other iconic television and movie themes; as well as many hundreds of Commercial Jingles, created from 1983 –1990, with many jingles that continued to air for years beyond their production date.

amounting to *appx*. $500,000; and reimbursed recording studio

costs advanced by the Music Production Business, in connection

with recording and final mixing the Audio Master recordings of

the 187-song score, an additional amount of *appx*. $500,000.[21]

**F**
**LEGAL ABUSE**

*Two Fraudulent Agreements*

25   The spurious 1989 Separation Agreement, and the spurious JEM

Agreement have spawned 25 years of litigation by Attorney

Monaghan, including <u>three</u> cases in NY Supreme Court,

Rockland, **(Exhibit N**, Docket sheets); and, <u>seven</u> 2nd Department

Appeals; as well as a Federal (removal) Action in the S.D.N.Y.

#04-CIV-730 (2004), brought by Defendant Sunbow Productions;

and, the 2007 S.D.N.Y. action filed by Attorney Monaghan

---

[21] These are estimated figures for the JEM Show Feature Song recording studio rental and

costs; the JEM Show represents a small percentage—about 10%-- of the work of the Music

Production Business.

<u>Plaintiff never received any of those fees and reimbursements.</u>

against more than 50 defendants; and, Plaintiff's, Pro Se Actions,

filed in 2014 in the S.D.N.Y. have been filed to address the most

<u>important issues</u>, that were buried, or *left out entirely* in the

Complaints Attorney Monaghan filed.

26    And, Plaintiff filed a Pro Se appeal of Judge Garvey's Decision

After Trial, (in the 2nd Dept. *Docket No. 2014-08934).*[22]

 *Conclusion*

27    <u>It should have been obvious to Attorney Monaghan that:</u>

Because *"Kinder & Bryant Ltd"* was not a legal entity,

*"Kinder & Bryant Ltd"* did not have any legal authority over

Plaintiff's works; thus, the JEM Agreement, produced mid-

trial in 2004 by Defendant Sunbow Productions Inc, confers

no rights to Sunbow.  Sunbow never secured rights to

claim Plaintiff's works as "Works-For-Hire;" Sunbow never

---

[22] Judge Garvey's Decision took away Plaintiff's contractual rights to earn a living from her
Musical Works —and, Judge Garvey's improvident Decision established a precedent that may
be used to defeat professional, commercial composers who seek accountings for insufficient
royalty payments and improper re-assignment of their royalty shares to un-entitled others.

had the right to copyright Plaintiff's works as "Works-For-Hire."

28    In making good faith efforts to directly challenge the defendants in connection to each and all of the issues, Plaintiff has spent 25 years, and so much work and money, in pursuit of justice—in support of a resolution, only to be continually wounded in a cruel ruse—a legal hoax, in which attorneys deceived, conspired and colluded in order to keep Plaintiff in the dark about multiple frauds, including the fact that Sunbow Productions Inc[23] and their client, HASBRO[24] have practiced thirty years of willful copyright infringement, having hijacked Plaintiff's Musical Works (compositions, arrangements and productions—*and the work of the singers and musicians*), through an invalid "representative" contract— "the JEM Agreement" — and a series

---

[23] And their successors and assigns, Sunbow Entertainment Inc, Sony Music Entertainment Inc, Sony ATV, TV Loonland AG, Sony BMG.

[24] Hasbro Inc; Hasbro International Inc. ("Hassenfeld Bros.")

of Fraudulent Conveyances, like this one: **Exhibit "O**," *pages*

*from* the "Sony / Sunbow Purchase –Closing Binder—the

original, 2004 Trial Exhibit #46, stamped.[25]

29    Be clear: Plaintiff makes claims against Attorney Silverman and

Attorney Monaghan that each and any and every loss of legal

remedies, options, statutory rights, and claimed amounts against

any and every defendant now known, or to be discovered—

now, or once reachable and chargeable—is the responsibility of

the Attorneys, Silverman and Monaghan, who betrayed this

Plaintiff, in reckless disregard for Plaintiff's rights—on an Epic

Scale.  No amount can adequately be fixed for the loss of trust,

and the personal and professional damages incurred by this

Plaintiff.

### G—Damages

*Fraud Upon the Court*

30    The Court determines sanctions for Frauds Upon the Court—

---

[25] The 500-page Purchase Binder contains bank account numbers and social security numbers. Exhibited here, are only the pages identifying the parties, and addressing the conveyance of musical works.

*here*—Frauds Upon the Court in two matters (#8721/91-and-5192/00

consolidated with 2821/02):

Plaintiff relies on the wisdom of this Court to impose sanctions

on Attorney Silverman for his role in aiding and abetting the first

Fraud on the Court; and, Plaintiff relies on the wisdom of the Court to

impose sanctions on Attorney Monaghan, who created two Frauds on

the Court by continuously shopping false information and using and

abusing this Plaintiff, and misrepresenting Plaintiff's bona fide issues.

*Other Damages*

31     Owing to Attorney Monaghan's Malpractice, that he has

       practiced continuously throughout 25 years of litigation, Plaintiff

       seeks an award of damages commensurate with the value of

       Plaintiff's share of her Music Production Business, (not less than

       ten million dollars), and other and different relief that the Court

       finds just and proper.

32     Plaintiff avers that Attorney Silverman should not be permitted

       to escape his Malpractice and Conspiracy with Attorney

Monaghan; Attorney Silverman bears responsibility for representing the *Big Lie* as a legitimate fact, that has been operated by Attorney Monaghan— blinding and disabling an honest Plaintiff, and creating confusion in the Courts for more than 25 years.

33   Owing to their Deceit and Conspiracy against Plaintiff's rights, Attorney Silverman and Attorney Monaghan--both of whom had Fiduciary Responsibilities to Plaintiff-- Plaintiff demands the return of fees and costs paid to them; and Plaintiff is entitled to trebled damages, pursuant to NY Jud. Law §487.

## AFFIRMATION

I <u>Affirm</u> under penalty of perjury that facts alleged by me in this Complaint are true to the best of my knowledge; and, any statements I've made here by information and belief, I believe them also to be true.

<u>Thank You.</u>

Respectfully Submitted, the____26th____ of October, 2015.

_____
Anne Bryant, Plaintiff-Pro Se

*Anne Bryant, Plaintiff*
*2601 Jefferson Circle*
*Sarasota, FL 34239*
*917-848-5203*
*accessab@gmx.com*

NOTICES

Pro Se Intake Office and to Clerk's Office
US District Court, S.D.N.Y. –
500 Pearl Street
New York, NY 10007

To Defendants:
Noel L Silverman, Esq <nsilverman@nls-law.com>
200 Park Avenue South
Suite 1614
New York, NY 10003
212-758-2025

Patrick J Monaghan, Esq <pmonaghan@beattielaw.com>
Beattie Padavano Law LLP
50 Chestnut Ridge Road, 2nd floor
Montvale, NJ 07645

cc:
Thomas Zugibe
District Attorney of Rockland County
Rockland County Courthouse, # 500
1 South Main Street
New City, NY 10956


Alerts, via email to:

Gloria C Phares, Esq <gcphares@hmscounsel.com>
Christopher Strong, Esq <chris@hmscounsel.com>
Counsel for Sunbow Productions, Inc, Sunbow Entertainment, LLC,
TV Loonland AG/Loonland UK LTD/ Sony BMG Music Entertainment
Inc, Sony ATV

Charles B Ortner Esq <cortner@proskauer.com>
Counsel for Chad Entertainment, Hasbro Inc, Hasbro International
Inc.

Peter Dana Raymond <praymond@reedsmith.com
Counsel for Starwild Music Inc and Wildstar Music Inc.