USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 6, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANNE BRYANT,

              *Plaintiff*,

- against -

NOEL L. SILVERMAN, ESQ. *et al.*,

              *Defendants*.
------------------------------------------------------------x

15 Civ. 8427 (PAC) (HBP)

**OPINION AND ORDER
ADOPTING REPORT
AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* plaintiff Anne Bryant ("Bryant" or "Plaintiff") claims that her former attorney, Patrick J. Monaghan ("Monaghan" or "Defendant"), engaged in fraudulent misrepresentation; fraudulent concealment; attorney deceit in violation of New York Judiciary Law ("N.Y. Judiciary Law") § 487; fraud on the court; and malpractice.[1]  ECF 23.

On March 22, 2016, Monaghan moved to dismiss the action with prejudice for failure to comply with Fed R. Civ. P. 8(a)(d) and 9(b), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); or alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.  ECF 25.

On December 16, 2016, Magistrate Judge Henry Pitman issued his thorough Report and Recommendation (the "R&R"), recommending (1) dismissal of Bryant's claims alleging common law fraud, violation of N.Y. Judiciary Law § 487, and fraud on the court for failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b); (2) grant of summary judgment dismissing the legal malpractice claim to the extent it is predicated on (a) Monaghan's alleged failure to discover and inform Plaintiff and the courts that the entity "Kinder Bryant, & Aquino Ltd." ("KB&A") had not been renamed "Kinder & Bryant" ("K&B") and (b)

---

[1] The action has been discontinued with prejudice as to defendant Noel Silverman.  ECF 44.

1

Monaghan's alleged withholding of documents after Monaghan withdrew from representing Plaintiff in connection with a 2000 New York state court action (the "2000 N.Y.S. Action"); and (3) denial of Monaghan's motion in all other respects. ECF 65 at 62–63. The R&R recommends that, in light of Bryant's *pro se* status and the fact that its recommendation to dismiss her common law fraud, N.Y. Judiciary Law § 487, and fraud on the court claims is based on her failure to allege these claims in the proper form, Bryant be afforded one final opportunity to state these claims properly and that she be directed to file a Second Amended Complaint within 30 days of this Opinion & Order. *Id.*

On January 10, 2017, both Bryant and Monaghan filed objections to the R&R. ECF 68, 69.[2] Bryant filed a reply to Monaghan's objections on January 24, 2017. ECF 72.

Additionally, Bryant submitted a "solicitation" requesting this Court's recusal on January 20, 2017. ECF 71. Monaghan opposed the request on February 3, 2017. ECF 73.

The Court has reviewed the objections, and for the reasons described below, ADOPTS the R&R in full; and DENIES Bryant's recusal request.

## LEGAL STANDARDS

### I. Review of Objections

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on

---

[2] These were timely pursuant to the grant of Plaintiff's request for an extension. ECF 66.

Monaghan's alleged withholding of documents after Monaghan withdrew from representing Plaintiff in connection with a 2000 New York state court action (the "2000 N.Y.S. Action"); and (3) denial of Monaghan's motion in all other respects. ECF 65 at 62–63. The R&R recommends that, in light of Bryant's *pro se* status and the fact that its recommendation to dismiss her common law fraud, N.Y. Judiciary Law § 487, and fraud on the court claims is based on her failure to allege these claims in the proper form, Bryant be afforded one final opportunity to state these claims properly and that she be directed to file a Second Amended Complaint within 30 days of this Opinion & Order. *Id.*

On January 10, 2017, both Bryant and Monaghan filed objections to the R&R. ECF 68, 69.[2] Bryant filed a reply to Monaghan's objections on January 24, 2017. ECF 72.

Additionally, Bryant submitted a "solicitation" requesting this Court's recusal on January 20, 2017. ECF 71. Monaghan opposed the request on February 3, 2017. ECF 73.

The Court has reviewed the objections, and for the reasons described below, ADOPTS the R&R in full; and DENIES Bryant's recusal request.

## LEGAL STANDARDS

### I. Review of Objections

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a timely written objection, the district court must review the contested issues *de novo*. *See Arista Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not submit a timely objection, 'a district court need only satisfy itself that there is no clear error on

---

[2] These were timely pursuant to the grant of Plaintiff's request for an extension. ECF 66.

the face of the record.'" *Martinson v. United States Parole Comm'n*, No. 02-CV-4913, 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005).

"To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

## II. Summary Judgment[3]

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a), and where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court "resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). *Pro se* litigants' submissions "must be construed liberally and interpreted 'to raise the strongest argument they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). However, "a party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted).

## III. Fed. R. Civ. P. 9(b)

---

[3] The Court agrees with Magistrate Judge Pitman's determination to convert Monaghan's Fed. R. Civ. P. 12(b)(6) motion to a motion for summary judgment for the reasons stated in the R&R. *See* R&R at 16–21.

3

Fed R. Civ. P. 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." A complaint alleging fraud must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (citations and quotations omitted). The facts must "give rise to a strong inference of fraudulent intent," and cannot be based "on speculation and conclusory allegations." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (citations and quotations omitted).

The Court agrees with the R&R's determination that this heightened pleading standard also applies to Bryant's N.Y. Judiciary Law § 487 claim, as it does to Bryant's common law fraud and fraud on the court claims. *See* R&R at 10–11.

## R&R ANALYSIS[4]

### I. Bryant's Objections

Bryant makes three specific objections.[5] First, regarding the N.Y. Judiciary Law § 487 claim, Bryant objects to the R&R's finding that she has not alleged any specific facts inferring that Monaghan intended to deceive the court or any party. ECF 69 at 2; *see* R&R at 40. Second, Bryant objects to the R&R's finding of no fraud on the court based on the absence of any particularly-alleged facts showing that Monaghan "acted with an intent to defraud," R&R at 44, on the grounds that the R&R "disregards important facts." ECF 69 at 5. Third, Bryant objects to

---

[4] The relevant facts are completely and accurately set forth in the R&R.

[5] Bryant also makes "general objections, comments and corrections" that purport to address allegedly incorrect facts in the R&R, and in one instance, requests that the Court correct a "misapprehension of the pleading." *See* ECF 69 at 10–13. None of these facts are dispositive of the legal claims, but in any case, Bryant is free, in her Second Amended Complaint, to correct those allegedly incorrect facts relevant to her fraud claims.

4

the R&R's finding of no malpractice based on Monaghan's alleged inadequate discovery and/or investigation. ECF 69 at 6–10; *see* R&R at 46–51.

None of the three objections, however, provide any new evidence; instead, Bryant merely points to previously-submitted exhibits to "simply reiterate[] the original arguments" considered and rejected by Magistrate Judge Pitman. *Pinkney*, 2008 WL 2811816, at *1. The Court thus reviews these portions of the R&R for clear error. *See id.* Finding none, the Court adopts the R&R's recommendations of dismissal of Bryant's common law fraud, violation of N.Y. Judiciary Law § 487, and fraud on the court claims for failure to comply with the particularity requirement of Rule 9(b). R&R at 37, 44–45; *see also Martinson*, 2005 WL 1309054, at *3. The Court similarly adopts the R&R's recommendation to grant summary judgment dismissing Bryant's legal malpractice claim to the extent it is predicated on (a) Monaghan's alleged failure to discover and inform Bryant and the courts that KBA had not been renamed K&B; and (b) Monaghan's alleged withholding of documents after Monaghan withdrew from representing Bryant in connection with the 2000 N.Y.S. Action. R&R at 62–63; *see also Martinson*, 2005 WL 1309054, at *3.

## II. Monaghan's Objections

### a. Common Law Fraud, Fraud on the Court, and N.Y. Judiciary Law § 487 Claims

Monaghan objects to the R&R's recommendation to permit Bryant one final chance to properly allege with particularity the common law fraud, fraud on court, and N.Y. Judiciary Law § 487 attorney deceit claims, arguing that any amendment would be futile. *See* ECF 68 at 4–5.

Monaghan first cites the R&R's finding that all of Bryant's claims against him "stem from Monaghan's failure to discover and plead that KBA's name had not been formally changed to K&B in the litigations he filed on plaintiff's behalf." R&R at 8; *see* ECF 68 at 4–5.

5

Monaghan then cites the R&R's findings, regarding the malpractice claim, that Bryant "has failed to create a genuine issue of fact concerning whether she suffered any damages" due to his failure to discover and inform Bryant of the entity's correct name. R&R at 47; *see* ECF 68 at 5.

But this objection seeks to expand the R&R's findings regarding the malpractice claim to its findings regarding the fraud claim. The R&R specifies that the recommendation to provide Bryant one final opportunity to attempt to state these claims properly is based on "plaintiff's *pro se* status and the fact that my recommendation to dismiss her fraud, Section 487 and fraud-on-the-court claim is based on her failure to allege these claims in the proper form." R&R at 63. The Court cannot find that amendment would be futile in these circumstances, and adopts the R&R's recommendation. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (instructing courts to afford *pro se* litigants "special solicitude before granting the [defendant's] motion for summary judgment" (alterations in original) (quotations and citations omitted)).

 b. Malpractice Claim

To prevail on a legal malpractice claim under New York law, a plaintiff must "adequately allege 1) an attorney-client relationship, and 2) attorney negligence, 3) which is the proximate cause of, 4) actual damages." *Kirk v. Heppt*, 532 F. Supp. 2d 586, 591 (S.D.N.Y. 2008). An attorney is negligent if he "fail[s] to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession." *Rudolf v. Shayne, Dachs, Sanisci, Corker & Sauer*, 867 N.E.2d 385, 388 (N.Y. 2007) (quotations and citations omitted).

Monaghan objects to the R&R's recommendations to deny his motion with respect to the malpractice claim, to the extent it is based on his alleged conflict of interest and/or allegations of faulty or deficient filings in the 2000 N.Y.S. Action, and to the R&R's finding that Bryant has

raised an issue of fact concerning whether the continuous representation doctrine tolled the three-year statute of limitations period for a malpractice action. *See* ECF 68 at 7–14.

        i. *Conflict of Interest with Kinder*

A conflict of interest that causes actual injury may constitute malpractice. *See Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 211–12 (S.D.N.Y. 2010).

Bryant retained Monaghan to sue Kinder, Sunbow, and others in the 2000 N.Y.S. Action. *See* R&R at 52. In 2001, Bryant dismissed the claims against Kinder by filing a "stipulation of settlement without prejudice" and a "stipulation of discontinuance." *See id.* Monaghan then simultaneously represented both Bryant and Kinder in that litigation. *See id.* In 2004, Monaghan sent Kinder a letter agreement memorializing Bryant's right to pursue some of Kinder's claims regarding certain performance royalties at issue in the 2000 N.Y.S. Action (the "2004 Letter Agreement), which only Kinder, not Bryant, initialed; Monaghan sent Bryant a copy. *See id.* at 53. Bryant claims that she "expressly rejected and would not authorize," and was harmed by, the terms of the 2004 Letter Agreement that Monaghan and Kinder negotiated; that the terms benefitted Kinder at her expense; and that she continued to be adverse to Kinder after 2001. *See* ECF 23 at 24; R&R at 54.

Monaghan argues that Bryant's signing of a subsequent letter from Monaghan to Kinder, dated September 12, 2006, "reflected that Bryant and Kinder had agreed on their respective contributions . . . [and] were going to divide the net recovery [of certain royalties]" precludes the R&R's finding that Bryant has raised an issue of fact regarding whether the 2004 Letter Agreement created a conflict of interest.[6] ECF 68 at 9; *see* R&R at 54–55. But as Magistrate

---

[6] Monaghan also contends that no conflict exists because the 2004 Letter Agreement was written to protect, not derogate, Bryant's rights. *See* ECF 68 at 9. But Magistrate Judge Pitman already considered and rejected this same argument as insufficient to support a grant of summary judgment. *See* R&R at 55.

Judge Pitman noted, "[t]he fact that [Bryant] and Kinder had some interests in common, however, does not eliminate any differing interests they may have had at that time."[7] R&R at 55. Moreover, the September 12, 2006 letter is signed only by Bryant, and not Kinder, a fact of which Bryant alleges she was unaware until the end of 2012. ECF 72 at 5 n.7. A question of material fact exists, and the Court adopts the R&R's recommendation to deny Monaghan's motion regarding the malpractice claim to the extent it is based on the alleged conflict of interest.

    ii. *Failure to File Documents*

"While genuine strategic choices generally do not constitute malpractice, [an attorney] cannot recast all of its failures as strategic choices to escape liability." *Perkins v. Am. Transit Inc. Co.*, No. 10-CV-5655 (CM), 2013 WL 174426, at * 20 (S.D.N.Y. Jan. 15, 2013) (internal citations omitted); *see also Vermont Mut. Ins. Co. v. McCabe & Mack, LLP*, 964 N.Y.S.2d 160, 162–63 (N.Y. App. Div. 2d Dep't 2013) (inferring that failure to timely pursue default judgment may constitute legal malpractice).

The R&R finds that, aside from "mak[ing] the undisputed assertion that 'sanctions and disqualification were reversed by the Appellate Division Second Department on November 5, 2014,'" Monaghan "does not otherwise address" Bryant's allegations that, in the 2000 N.Y.S. Action, Monaghan committed malpractice by (1) not timely filing default judgment papers on four defaulting parties, and (2) failing to serve copies of two subpoenas upon opposing counsel. R&R at 59. Consequently, the R&R recommends denying Monaghan's motion with respect to Bryant's malpractice claim to the extent it is based on these allegations. *See id.* at 59–60.

---

[7] The R&R further explained: "[p]laintiff continued to have 'differing' and potentially adverse interests with Kinder as of 2004; her settlement with Kinder in 2001 was 'without prejudice,' the general releases were to be held in escrow 'pending satisfaction of the conditions [t]herein by the Kinder Defendants' and plaintiff asserts that Monaghan continues to hold the General Releases in escrow to this day." R&R at 55.

8

In objecting, Monaghan relies on the principle that "New York does not favor defaults and there is a strong public policy to dispose of cases on their merits" to argue that he "made the appropriate choice and a judgment call" in deciding not to pursue "a default judgment of questionable merit." ECF 68 at 11; *see Berardo v. Guillet*, 926 N.Y.S.2d 521, 521–22 (1st Dep't 2011). But Bryant's arguments, construed liberally, could lead a reasonable trier of fact to conclude that Monaghan was negligent in not pursuing the default judgments. *See, e.g., Vermont Mut. Inc. Co.*, 964 N.Y.S.2d at 162–63. Bryant has raised a genuine factual dispute.

Monaghan addresses the second allegation by reiterating that "the issue [of his failure to serve the subpoenas] was disposed of by the Appellate Division." ECF 68 at 11. This recites the same argument that Magistrate Judge Pitman found did "not address the [] bases for [Bryant's] malpractice claim," R&R at 59, and the Court finds no clear error in this determination. *See Pinkney*, 2008 WL 2811816, at *1.

The Court thus adopts the R&R's recommendation to deny Monaghan's motion regarding the malpractice claim to the extent it is based on these allegations.

   iii. *Continuous Representation*

The statute of limitations for a legal malpractice action in New York is three years from the date on which the malpractice occurred. *Hanna v. O'Connell*, 14-CV-7016 (RJS), 2015 WL 5223188, at *3 (S.D.N.Y. Aug. 12, 2015). The events underlying Bryant's malpractice claim occurred before October 26, 2012, over three years before this action was filed on October 26, 2015.[8] *See* R&R at 60. However, under the continuous representation doctrine, the statute of limitations may be tolled "until the attorney ceases representing the client in the specific matter

---

[8] Monaghan's alleged failure to provide documents to Bryant's new counsel after he withdrew from representation in the 2000 N.Y.S. Action occurred within the statute of limitations; however, as explained above, Monaghan is entitled to summary judgment to the extent the malpractice claim is based on these allegations. *See* R&R at 57–58.

9

at issue." *Nobile v. Schwartz*, 56 Fed. App'x 525, 526 (2d Cir. 2003); *see also Shumsky v. Eisenstein*, 750 N.E.2d 71 (tolling permitted only where the continued representation "pertains specifically to the matter in which the attorney committed the alleged malpractice").

Monaghan argues that his attorney-client relationship with Bryant ended at least by September 28, 2012. *See* ECF 27 at 3–5; ECF 59 at 3–4. On this date, Bryant (1) against Monaghan's advice, wrote directly to the judge in the 2000 N.Y.S. Action, informing the court of her discovery that K&B was never a real legal entity; and (2) stated in an e-mail to Monaghan: "[i]t appears to me that you have a conflict of interest in continuing to represent me." *See* ECF 1 Ex. C; ECF 27 Ex. A; ECF 59 at 3–4; R&R at 61. Bryant contends that the relationship continued at least until November 23, 2012, the date on which the judge in the 2000 N.Y.S. Action granted Monaghan's motion to withdraw from representation, and "points out that Monaghan continued to be her attorney of record in a related action against Sunbow Productions in the Southern District of New York through November 2014."[9] R&R at 60–61; *see* ECF 27 Ex. B; ECF 53 at 13, 68.

The R&R finds that Bryant has raised an issue of fact regarding when the relationship ended, and consequently, that the potential applicability of the continuous representation doctrine precludes dismissal of the malpractice claim to the extent it is based on the remaining allegations. *See* R&R at 62.

Monaghan objects to this finding, but relies on misplaced rationale: he contends that "[t]he only ground upon which Judge Pitman found there was a continuation of representation

---

[9] Sunbow Productions was also named as a defendant in the 2000 N.Y.S. Action. *See* R&R at 61.

was the appearance of record in the federal court action [until 2014];" he then explains why such appearance does not toll the limitations period.[10] *See* ECF 68 at 12–14.

However, this is not the sole basis of the R&R's finding. In addition to noting that Monaghan failed to explain why his continued appearance did not toll the statute of limitations, the R&R also states that the events leading up to Monaghan's withdrawal of representation in the 2000 N.Y.S. Action "demonstrate a serious deterioration of the attorney-client relationship" and that Bryant "has asserted that the [2000 N.Y.S. Action and the related federal action] raise common factual and legal issues." R&R at 60–61. The R&R draws no ultimate conclusion that these events negate a finding of continuous representation. *See* R&R at 60–62.

The parties clearly disagree as to when the relationship terminated. Such competing narratives raise an issue of fact, the determination of which will control whether the continuous representation doctrine applies to toll the legal malpractice statute of limitations period. The Court declines to grant summary judgment on this issue, and adopts the R&R's recommendation.

## **REQUEST FOR RECUSAL**

Courts have discretion to grant or deny a recusal motion. *United States v. Basciano*, No. 05-CR-060 (NGO), 2010 WL 4484366, at *2 (E.D.N.Y. Nov. 1, 2010). Recusal is warranted where a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

Bryant's primary reason for requesting this Court's recusal is her belief that a *pro se* docketing clerk is deliberately filing her pleadings after deadlines and/or stamping an incorrect or late filing date on the pleadings.[11] *See* ECF 71 at 4, 9. Consequently, Bryant lacks confidence

---

[10] Monaghan explains that the federal action was placed on hold until completion of the state action; notes that Bryant's October 28, 2014 letter to the court regarding Monaghan's application to withdraw from the federal action stated her belief that Monaghan had already withdrawn in 2012, which demonstrates that Bryant "certainly was not under any misimpressions about the status of her lawyer/client relationship;" and argues that the date of his official withdrawal is not dispositive. *See* ECF 68 at 12–14.

[11] The letter also requests this Court's recusal in three other of her cases, none of which are active. This Court dismissed with prejudice *Bryant v. Am. Fed'n of Musicians of the U.S. and Canada & Screen Actors Guild* on

that the Court will consider her objections to the R&R, and contends that this "mismanagement" of her cases makes this Court biased against her. *See* ECF 71 at 10.

As an initial matter, though Bryant's objections are stamped with a date of January 11, 2016, the ECF date reflects a timely submission of January 10, 2017. *See* ECF 69. Moreover, Bryant does not explain how these allegations of erroneous dates are in any way connected to the claim of bias. Bryant has not provided any facts or evidence showing such bias or partiality. It is manifest that the Court has reviewed and considered her objections; the request for recusal is denied.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS Magistrate Judge Pitman's R&R in its entirety. Accordingly, the Court (1) DISMISSES Plaintiff's claims alleging common law fraud, violation of N.Y. Judiciary Law § 487, and fraud on the court for failure to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b); (2) GRANTS summary judgment dismissing Plaintiff's legal malpractice claim to the extent the claim is predicated on (a) Monaghan's alleged failure to discover and inform Plaintiff and the courts that KBA had not been renamed K&B and (b) Monaghan's alleged withholding of documents after Monaghan withdrew from representing Plaintiff in connection with the 2000 N.Y.S. Action; and (3) DENIES Monaghan's motion in all other respects. In light of Plaintiff's *pro se* status and the fact that dismissal of her common law fraud, violation of N.Y. Judiciary Law § 487, and fraud on the court claims is based

---

November 18, 2015; the Second Circuit affirmed dismissal on December 6, 2016. *See* No. 14-CV-2598, ECF 37, 41. After Plaintiff moved to voluntarily dismiss *Bryant v. Am. Soc'y of Authors, Composers and Publishers; "ASCAP" Party #2901252, et al.*, this Court dismissed the action without prejudice on March 10, 2015. *See* No. 14-CV-5765, ECF 26, 37. Plaintiff's letter notes that she has since named ASCAP Party #2901252 in another matter now pending, No. 14-CV-5764. Finally, Judge Stein issued an Order staying *Bryant v. AB Droits Audiovisuels, et al.* on September 30, 2011, pending resolution of a parallel state action raising the same issues; the stay is still in place. *See* No. 07-CV-6395, ECF 89. These requests are all grounded in essentially the same bases as the request in this case, and the Court denies them for the same reasons.

on her failure to allege these claims in the proper form, Plaintiff is afforded one final opportunity to attempt to state these claims properly. Plaintiff has until April 7, 2017 to file a Second Amended Complaint. The reference to Magistrate Judge Pitman is continued. The Clerk of Court is directed to terminate all pending motions in this case.

Dated: New York, New York
       March 6, 2017

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed to:

Ms. Anne Bryant
P.O. Box 418
Stony Point, NY 10980