UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

ANNE BRYANT,                          :

                    Plaintiff,        :

     -against-                        :

NOEL L. SILVERMAN, ESQ., et al.,      :

                    Defendants.       :

----------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/18

15 Civ. 8427 (PAC)(HBP)

OPINION
AND ORDER

PITMAN, United States Magistrate Judge:


I.  Introduction


     By notice of motion dated May 24, 2017 (Docket Item
("D.I.") 93), plaintiff moves to file a "Supplemental Pleadings."
For the reasons set forth below, plaintiff's motion is denied.


II.  Facts[1]


     In or around 1983, plaintiff, a music producer
and composer, entered into a music production business with Ford
Kinder and Sarah Aquino, which did business through a New York

---

[1] I recite only those facts relevant to my resolution of the
pending motion.  The background of this case is set forth more
fully in the Order of the Honorable Paul A. Crotty, United States
District Judge dated March 6, 2017 and my Report and
Recommendation dated December 16, 2016 (D.I. 65).  The reader's
knowledge of the factual and procedural background of this case
is presumed.

corporation named "Kinder, Bryant & Aquino Ltd." ("KBA") (Amended Complaint dated May 7, 2016 (D.I. 23) ("Am. Compl.") ¶ 1; Declaration of Patrick J. Monaghan, Jr., Esq., dated Feb. 12, 2016 (D.I. 20) ("Monaghan First Decl.") ¶ 28). Aquino sold her share of KBA to plaintiff and Kinder in or about 1985, at which point plaintiff believed that the name of the corporation changed from "Kinder, Bryant & Aquino Ltd." to "Kinder & Bryant Ltd." ("K&B") (Am. Compl. ¶¶ 1-2; Monaghan First Decl. ¶ 28). In 1989, plaintiff and Kinder dissolved their partnership and entered into a new agreement (Am. Compl. ¶ 24; Agreement, dated Nov. 8, 1989 ("1989 Separation Agreement"), annexed as Ex. A to Complaint, dated October 26, 2015 (D.I. 1) ("Complaint")). Pursuant to that agreement, Kinder agreed to pay plaintiff a sum totaling less than $30,000.00 and to remove any reference to plaintiff from the corporation's name, including her name or initials (Am. Compl. ¶ 24; 1989 Separation Agreement).

In or before 1991, plaintiff retained Monaghan as her attorney to investigate Kinder for allegedly breaching the 1989 Separation Agreement, and in 1991 Monaghan filed suit on plaintiff's behalf against Kinder in New York State court, asserting that Kinder had failed to pay plaintiff certain royalties pursuant to that agreement or to provide an accounting ("1991 N.Y.S. Action") (Am. Compl. ¶¶ 23-24; see Bryant v. Kinder, Index No.

8721/91, Complaint dated Nov. 8 1991, annexed as Ex. K to Complaint). The 1991 N.Y.S. Action was settled in 1994 (Am. Compl. ¶¶ 23-24).[2]

Plaintiff retained Monaghan again in 2000 to sue Kinder and others in New York State court for breaching the settlement of the 1991 N.Y.S. Action ("2000 N.Y.S. Action") (Am. Compl. ¶ 25; see Bryant v. Broadcast Music Inc., Index No. 5192/00, Complaint, excerpts annexed as Ex. L. to Complaint).

On July 13, 2007, while the 2000 N.Y.S. Action was pending, plaintiff retained Monaghan for a third time to sue Kinder and numerous corporate defendants including some of the same defendants named in the 2000 N.Y.S. Action, such as Sunbow Productions, Inc. ("Sunbow"), for allegedly failing to pay royalties and other sums owed to plaintiff ("2007 S.D.N.Y. Action") (see Bryant v. AB Droits Audiovisuels, 07 Civ. 6395 (PAC)(HBP) (S.D.N.Y.), Complaint dated July 13, 2007 (D.I. 1)). The 2007 S.D.N.Y. Action was stayed on September 30, 2009 by the Honorable Sidney H. Stein, United States District Judge, to whom the matter was then assigned, until the 2000 N.Y.S. Action was

---

[2]Plaintiff alleged in her Amended Complaint that she entered into this settlement believing that KB was a viable, legal corporation, which, as explained below, was not accurate. Accordingly, plaintiff claims that she was fraudulently induced into the settlement for the 1991 N.Y.S. Action (Am. Compl. ¶ 23).

resolved (Bryant v. AB Droits Audiovisuels, 07 Civ. 6395
(PAC)(HBP) (S.D.N.Y.), Order of Judge Stein, dated Sept. 30, 2009
(D.I. 68) ("Sept. 30, 2009 Order")). The 2007 S.D.N.Y. Action
remains stayed (Bryant v. AB Droits Audiovisuels, 07 Civ. 6395
(PAC)(HBP) (S.D.N.Y.), Order of the undersigned, dated Mar. 8,
2017 (D.I. 147) ("Mar. 8, 2017 Order")).

In or around 2012, plaintiff claims to have discovered
that KB was never a valid legal entity, and that her former music
production business had continued to operate under the name
"Kinder, Bryant & Aquino Ltd." from 1983 through 1996 (Am. Compl.
¶ 7). In my Report and Recommendation dated December 16, 2016, I
described the events that transpired after this discovery as
follows:

> [Plaintiff] instructed Monaghan to write to the judge
> presiding over the 2000 N.Y.S. Action and disclose
> these facts (Am. Compl. at 6-7, n.1-2). Monaghan
> declined to do so, and against his advice, plaintiff
> herself wrote a letter to the court detailing her
> discoveries (Letter to Hon. Margaret Garvey, J.S.C.,
> dated Sept. 28, 2012, annexed as Ex. C to Complaint;
> Am. Compl. at 6-7 n.1-2[)] . . . . Monaghan thereafter
> moved to withdraw from further representation of
> plaintiff in that case, and that motion was granted on
> November 23, 2012 (Am. Compl. at 6-7 n.1-2). In 2014,
> Monaghan also moved to withdraw from the federal court
> action and that motion was granted in November of 2014
> (Pl. Opp. at 53)

(Report and Recommendation of the undersigned, dated Dec. 16,
2016 (D.I. 65) ("Dec. 16, 2016 R&R") at 8). Plaintiff retained

attorney Anthony Motta[3] to replace Monaghan in the 2000 N.Y.S. Action, but proceeded pro se in the 2007 S.D.N.Y. Action (Pl. Reply Mem. at 5).

Plaintiff commenced this action on October 26, 2015 (Complaint). The Amended Complaint asserted fraud and legal malpractice claims against Monaghan[4] (Am. Compl. ¶¶ 23-42). Plaintiff's fraud claims against Monaghan were premised on his alleged failure to discover or to disclose to plaintiff, and the courts in all three actions, that KBA was still a "valuable[] legal [New York] corporation in 1991" (Am. Compl. ¶¶ 23-40). Plaintiff's claim for malpractice was predicated on four factual specifications arising from Monaghan's representation of plaintiff during the 2000 N.Y.S. Action (Am. Compl. ¶ 41). Specifically, plaintiff alleged that Monaghan had committed malpractice in connection with the 2000 N.Y.S. Action by: (1) failing to make certain filings, including applications for a default judgment, for attorney sanctions and for two subpoenas; (2) simultaneously representing Kinder; (3) failing to discover and

---

[3]Plaintiff terminated Motta in 2013 (Plaintiff's Reply Memorandum of Law in Support of Her Motion to file Supplemental Pleadings, dated June 30, 2017 (D.I. 105) ("Pl. Reply Mem.") at 5).

[4]The Amended Complaint also asserted fraud claims against Silverman. However, as noted above, all claims against Silverman were dismissed with prejudice in June 2017 (Opinion and Order of Judge Crotty, dated June 22, 2017 (D.I. 100)).

inform plaintiff and the court that KBA had not been renamed K&B
in 1985 and (4) withholding key documents from plaintiff and
Motta (Am. Compl. ¶ 41). Notwithstanding the passage of more
than three years -- the applicable limitations period -- since
the occurrence of the alleged incidents of malpractice, plaintiff
alleged that the statute of limitations did not bar her malprac-
tice claim because Monaghan had a continuing relationship of
trust with her as demonstrated by his appearance on her behalf in
the 2007 S.D.N.Y. Action through November 2014.

On May 10, 2016, Monaghan filed a motion to dismiss the
fraud and malpractice claims against him (Motion to Dismiss of
Patrick J. Monaghan, Jr., Esq., dated May 10, 2016 (D.I. 48)).
By Opinion and Order dated March 6, 2017, which adopted my
December 16, 2016 Report and Recommendation in its entirety,
Judge Crotty granted summary judgment dismissing plaintiff's
claim for legal malpractice to the extent that it was predicated
on either Monaghan's alleged (1) failure to discover and inform
plaintiff and the courts that KBA had not been renamed K&B and
(2) withholding of documents after he withdrew as plaintiff's
counsel (Opinion and Order of Judge Crotty, dated Mar. 6, 2017
(D.I. 76) ("Mar. 6, 2017 Order") at 8-9; Dec. 16, 2016 R&R at 45-
60). However, Judge Crotty found that summary judgment was not
appropriate with respect to plaintiff's claim for legal malprac-

tice predicated on both Monaghan's failure to make certain applications or his alleged conflict of interest with Kinder during the 2000 N.Y.S. Action (Mar. 6, 2017 Order at 12; Dec. 16, 2016 R&R at 45-60). In particular, Judge Crotty rejected Monaghan's contention that plaintiff's malpractice claim was barred by the applicable three year statute of limitations, finding that Monaghan had failed to show that the statute of limitations could not be tolled by the continuous representation doctrine (Mar. 6, 2017 Order at 9-10; Dec. 16, 2016 R&R at 61-62).

Judge Crotty also granted dismissal of the fraud claims, finding that plaintiff had failed to allege her claims with particularity as required by Fed.R.Civ.P. 9(b) (Mar. 6, 2017 Order at 12-13; Dec. 16, 2016 R&R at 34-45). In light of plaintiff's pro se status, Judge Crotty afforded her one final opportunity to replead her fraud claims and permitted her to file a Second Amended Complaint no later than thirty days after the issuance of the Order, i.e., April 17, 2017 (Mar. 6, 2017 Order at 12-13).

Plaintiff requested and was granted several extensions of time to amend her complaint and was ultimately given until May 24, 2017 to file her Second Amended Complaint (Order of the Undersigned, dated May 3, 2017 (D.I. 86) at 4). Plaintiff sent a

letter to Judge Crotty dated May 23, 2017 indicating that she would not be filing a Second Amended Complaint and that she wished to proceed with the surviving aspects of her claim for malpractice (Letter of Anne Bryant to Judge Crotty, dated May 23, 2017 (D.I. 92) ("Bryant Letter") at 2). In that same letter plaintiff stated that she had "newly discovered information that [was] pertinent to [her claim for legal malpractice] and [also] appear[ed] to make out a prima facie case for NY JUD. LAW §487 Attorney Deceit or Collusion [sic]" (Bryant Letter at 2). She advised Judge Crotty that she would be submitting a motion to file "Supplemental Pleadings" pursuant to Federal Rules of Civil Procedure 15(c) and (d) (Bryant Letter at 2-3).

Plaintiff did not file a Second Amended Complaint on May 24, 2017. Instead, she filed a notice of motion pursuant to Fed.R.Civ.P. 15(c)[5] and (d) to "supplement" her pleading (Plaintiff's Motion to Amend the Pleadings, dated May 24, 2017 (D.I.

---

[5]Plaintiff cites to Fed.R.Civ.P. 15(c) in her notice of motion, but she does not make any argument that the proposed allegations of legal malpractice "relate back" to the claim for malpractice alleged in the Amended Complaint. See Fed.R.Civ.P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence, set out -- or attempted to be set out -- in the original pleading.").

93) ("Pl. Mot.") at 1-2)[6] and attached her proposed amended
pleading to her motion (Pl. Mot. at 5-17). Her proposed amended
pleading alleges that, during the 2007 S.D.N.Y. Action, Monaghan
had (1) failed to serve, or obtain waiver of service from,
several defendants,[7] (2) failed to object to Sunbow's motion to
dismiss dated January 4, 2008 on the grounds that the attorney

---

[6]Although Fed.R.Civ.P. 10(b) requires parties to "state
[their] claims or defenses in numbered paragraphs, each limited
as far as practicable to a single set of circumstances,"
plaintiff's proposed Second Amended Complaint does not set out
her claims in separately numbered paragraphs. Because plaintiff
is proceeding pro se, her pleadings must be construed liberally
in her favor and I shall not deny her motion on this issue of
form. See Rauch v. RCA Corp., 861 F.2d 29, 30 (2d Cir. 1988)
(citation omitted); see also McChesney v. Hogan, 9:08-CV-1186
(NAM)(DEP), 2010 WL 1027443 at *4 (N.D.N.Y. Feb. 26, 2010)
(Report & Recommendation) (construing pro se plaintiff's
complaint liberally and denying a motion to dismiss on the ground
that plaintiff did not state her claim in separate, numbered
paragraphs). In the discussion of plaintiff's proposed Second
Amended Complaint that follows, citations to "Pl. Mot. ___" refer
to specific pages of plaintiff's Motion to Amend, using the page
numbers provided by plaintiff.

[7]In particular, plaintiff alleges that Monaghan failed to
properly serve, or obtain waiver of service from, the following
defendants: Sunbow, Sunbow Entertainment LLC, Sony Legacy a/k/a
Legacy Recordings, Sony Wonder, Sony BMG Music Entertainment
Inc., TV Loonland AG, Starwild Music Inc., Wildstar Music Inc.,
Apollo's Chariot Music and Banana Alert Music (Pl. Mot. at 8-9).
All of these defendants, with the exception of Starwild Music
Inc., Wildstar Music Inc., Apollo's Chariot Music and Banana
Alert Music, made appearances in, and were voluntarily dismissed
by plaintiff from, the 2007 S.D.N.Y. Action (Bryant v. AB Droits
Audiovisuels, 07 Civ. 6395 (PAC)(HBP) (S.D.N.Y.), Voluntary
Dismissal Without Prejudice Pursuant to Fed.R.Civ.P.
41(a)(1)(A)(i), dated Mar. 21, 2017 (D.I. 152) ("2007 S.D.N.Y.
Voluntary Dismissal")).

who filed the motion had never filed a notice of appearance on behalf of Sunbow (see Bryant v. AB Droits Audiovisuels, 07 Civ. 6395 (PAC)(HBP) (S.D.N.Y.), Notice of Motion to Dismiss dated Jan. 4, 2008 (D.I. 32) ("Sunbow's Motion to Dismiss"))[8] and (3) failed to object to Sunbow's January 8, 2008 corporate disclosure statement on the ground that it had been filed after Sunbow had moved to dismiss (see Bryant v. AB Droits Audiovisuels, 07 Civ. 6395 (PAC)(HBP) (S.D.N.Y.), Corporate Disclosure Statement of Sunbow dated Jan. 8, 2008 (D.I. 38) ("Sunbow's Corporate Disclosure Statement")). Plaintiff alleges that this conduct amounted to violation of New York Rules of Professional Conduct 1.1 (Attorney Competence), 3.1 (Non-Meritorious Claims and Contentions) and 3.2 (Delay of Litigation) (Pl. Mot. 10-14). N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rules 1.1, 3.1, 3.2. Plaintiff asserts that Monaghan's negligence damaged her reputation for honesty, caused significant delay in the 2007 S.D.N.Y. action at a cost to her and deprived her of "decades of royalty payments that have been misdirected to others through various schemes and artifices" (Pl. Mot. at 14). Accordingly, plaintiff

---

[8] The motion to dismiss dated January 4, 2008 was filed by attorney Gloria Phares jointly on behalf of Sunbow, as well as Loonland UK Ltd., Metrodome Group P.L.C., Rhino Entertainment Co., Sony ATV Songs L.L.C. BMI, Sony/ATV Tunes L.L.C (ASCAP), Sony BMG Music Entertainment Inc. and TV Loonland Home Entertainment Ltd (see Sunbow's Motion to Dismiss).

argues that there are three additional bases for her claim of
legal malpractice (Pl. Mot. at 8).

Plaintiff also appears to seek to allege a claim for
attorney deceit pursuant to New York Judiciary Law Section 487
based on those same facts (Pl. Mot. at 14). Specifically,
plaintiff alleges that Monaghan's deficient representation of her
throughout the 2007 S.D.N.Y. Action rose above the level of
ordinary malpractice and "indicate[d] deceit[] and strongly
suggest[ed] collusion" between Monaghan and named defendants (Pl.
Mot. at 14-15). Plaintiff also alleges that Monaghan, in concert
with defendants in the 2007 S.D.N.Y. Action, "designed a Com-
plaint that could spin in the [f]ederal [c]ourts through years of
[m]otion [p]ractice" resulting in excessive cost to plaintiff
(Pl. Mot. at 13). Plaintiff seeks treble damages based on either
the amount that she expended on litigating the 2007 S.D.N.Y.
Action or the amount that she lost as a result of Monaghan's
alleged misrepresentation (Pl. Mot. at 15). Plaintiff does not
appear to replead any of the other fraud claims that she had
previously alleged but were dismissed.

Monaghan argues that plaintiff's attempt to amend her
complaint is futile and that her motion should, therefore, be
denied (Memorandum of Law of Patrick J. Monaghan, Jr., Esq., in
Opposition to Plaintiff's Motion, dated June 21, 2017 (D.I. 97)

("Def. Mem.") at 6-9). Furthermore, Monaghan argues that plain-
tiff's additional factual allegations in support of her claim for
malpractice are barred by New York's three year statute of
limitations for legal malpractice and that the doctrine of
continuous representation does not save plaintiff's claim (Def.
Mem. at 8). In support of this argument, Monaghan proffers a
declaration with exhibits, including an email from Monaghan to
plaintiff dated October 1, 2012 which states:

> I will not perform any more services for you since
> you have effectively terminated me and you have taken
> actions directly on your own behalf in the case. I
> suggest that you continue your ongoing search for
> alternate counsel. I will send you the papers I file
> with the Court.

(Monaghan's Email to Anne Bryant dated Oct. 1, 2012, annexed as
Ex. 4 to Declaration of Patrick J. Monaghan, Jr., Esq., dated
June 21, 2017 (D.I. 98) ("Monaghan Second Decl.")). Accordingly,
Monaghan asserts that even if the doctrine of continuous repre-
sentation applies, it would only toll the statute of limitations
until the end of 2012 at the latest. (Def. Mem. at 11). Monaghan
admits that he remained plaintiff's counsel in the 2007 S.D.N.Y.
Action through 2014, but notes that the case was stayed from 2009
through his withdrawal as counsel in 2014 and, therefore, "there
was nothing to do in the case" (Def. Mem. at 11). Monaghan also

12

argues that plaintiff fails to allege damages sufficiently (Def. Mem. at 11).

With respect to plaintiff's replead claim for attorney deceit under New York Judiciary Law Section 487, Monaghan contends that it is fatally deficient because it still fails to satisfy the heightened pleading requirements of Fed.R.Civ.P. 9(b) (Def. Mem. at 8). Specifically, Monaghan argues that plaintiff failed to identify a possible motive that would have led him to collude with defendants in the 2007 S.D.N.Y. Action to plaintiff's detriment (Def. Mem. at 9).

## III. <u>Analysis</u>

### A. Legal Standards – <u>Procedural Issues</u>

#### 1. Motion to Amend a Pleading <u>Pursuant to Fed.R.Civ.P. 15(a)</u>

As an initial matter, plaintiff inaccurately describes her motion as one for leave to serve supplemental pleading under Fed.R.Civ.P. 15(d) (Pl. Mot. at 1). Rule 15(d) provides, in pertinent part, that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened <u>after the date</u> of the pleading to be supplemented." Fed.R.Civ.P. 15(d) (emphasis

added). Plaintiff's proposed amendments are based on events that occurred nearly a decade before she filed her original Complaint. Accordingly, plaintiff's motion is properly characterized as a motion to amend her pleadings pursuant to Fed.R.Civ.P. 15(a)(2). See Cummings-Fowler v. Suffolk Cty. Cmty. Coll., 282 F.R.D. 292, 296 (E.D.N.Y. 2012) (reclassifying plaintiff's motion to amend a pleading to a motion to file a supplemental pleading because the events upon which her additional claims were based occurred after she filed her complaint).

The standards applicable to a motion to amend a pleading pursuant to Fed.R.Civ.P. 15(a)(2) are well settled and require only brief review. Leave to amend a pleading should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962); Kroshnyi v. U.S. Pack Courier Servs., Inc., 771 F.3d 93 (2d Cir. 2014); TechnoMarine SA v. Giftports, Inc., 758 F.3d 493 (2d Cir. 2014); City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA Inc., 300 F. App'x 33, 34 (2d Cir. 2008); Hanniford v. County of Dutchess, 17 Civ. 4166 (KBF), 2017 WL 5468767 at *4 n.4 (S.D.N.Y. Nov. 14, 2017) (Forrest, D.J.); Perrotta v. City Sch. Dist. of Yonkers, 16 Civ. 9101 (VB), 2017 WL 4236565 at *6 (S.D.N.Y. Sept. 22, 2017) (Briccetti, D.J.). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is

14

made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." Lee v. Regal Cruises, Ltd., 916 F. Supp. 300, 303 (S.D.N.Y. 1996) (Kaplan, D.J.), aff'd, 116 F.3d 465 (2d Cir. 1997); see McCarthy v. Dunn & Bradstreet Corp., 482 F.3d 184, 200-01 (2d Cir. 2007); Morris Builders, L.P. v. Fidelity Nat'l Title Ins. Co., 16 Civ. 9114 (VB), 2017 WL 5032996 at *2 (S.D.N.Y. Nov. 2, 2017) (Briccetti, D.J.); Perrotta v. City Sch. Dist. of Yonkers, supra, 2017 WL 4236565 at *6.

A proposed amended complaint is futile when it fails to state a claim. See Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed.R.Civ.P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied."); Khodeir v. Sayyed, 15 Civ. 8763 (GWG), 2017 WL 4993384 at *2, *6 (S.D.N.Y. Nov. 1, 2017) (Gorenstein, M.J.); Omari v. Ras Al Khaimah Free Trade Zone Auth., 16 Civ. 3895 (NRB), 2017 WL 3896399 at *11 (S.D.N.Y. Aug. 18, 2017) (Buchwald, D.J.); Prudential Ins. Co. of Am. v. BMC Indus., Inc., 655 F. Supp. 710, 711 (S.D.N.Y. 1987) (Sweet, D.J.) ("[A]lthough leave to amend should be freely given, it is inappropriate to grant leave when the amendment would not survive a motion to dismiss." (internal quotation marks omitted)).

A proposed amendment may be denied as futile "where the claim or defense proposed to be added has no colorable merit." Oliver v. DeMarinis & Co., 90 Civ. 7950 (SS), 1993 WL 33421 at *2 (S.D.N.Y. Jan. 29, 1993) (Lee, M.J.) (inner quotations omitted); see also Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 783 (2d Cir. 1984) (if the movant has "colorable grounds for relief," justice requires that leave to amend be granted in the absence of undue delay, bad faith or prejudice). "The 'colorable grounds' requirement mandates that a district court may not deny a motion for leave to amend a pleading [on futility grounds] when said pleading is sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." Children First Found. Inc. v. Martinez, 04-CV-0927 (NPM), 2007 WL 4618524 at *5 (N.D.N.Y. Dec. 27, 2007), citing in part Kassner v. 2nd Ave. Delicatessen, Inc., 596 F.3d 229, 244 (2d Cir. 2007); see also Estate of Ratcliffe v. Pradera Realty Co., 05 Civ. 10272 (JFK), 2007 WL 3084977 at *4 (S.D.N.Y. Oct. 19, 2007) (Keenan D.J.); Journal Publ'g Co v. Am. Home Assurance Co., 771 F. Supp. 632, 635 (S.D.N.Y. 2007) (Leisure, D.J.) ("The Proposed Amended Complaint may . . . be scrutinized as if defendant's objections to the amendments constituted a motion to dismiss under Fed.R.Civ.P. 12(b)(6).").

In assessing the futility of a proposed amended plead-
ing, the factual allegations set forth in the proposed amended
pleading are assumed to be true.  See Max Impact, LLC v. Sherwood
Group, 09 Civ. 0902 (LMM), 2009 WL 2448108 at *1 (S.D.N.Y. Aug.
1, 2009) (McKenna, D.J.); Edwards v. City of N.Y., 07-CV-5286
(CPS)(RML), 2009 WL 1910740 at *1 (E.D.N.Y. June 29, 2009); Da
Cruz v. Townmasters of N.J., 217 F.R.D. 126, 128 n.1 (E.D.N.Y.
2003); Binder v. Nat'l Life of Vt., 02 Civ. 6411 (GEL), 2003 WL
21180417 at *2 (S.D.N.Y. May 20, 2003) (Lynch, then D.J., Cir.
J.); Gabourel v. Bouchard Transp. Co., 901 F. Supp. 142, 144
(S.D.N.Y. 1995) (Chin, then D.J., now C.J.).

In evaluating a motion under Fed.R.Civ.P. 12(b)(6), the
court must determine whether the plaintiff has alleged any
facially plausible claims.  See Virgil v. Town of Gates, 455 F.
App'x 36, 37 (2d Cir. 2012); Smith v. NYCHA, 410 F. App'x 404,
405-06 (2d Cir. 2011).  A claim is plausible when its factual
content "allows the court to draw the reasonable inference that
the defendant is liable for the conduct alleged.  The plausibil-
ity standard is not akin to a 'probability requirement,' but it
asks for more than a sheer possibility that the defendant has
acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
(citations omitted).  "Where a complaint pleads facts that are
merely consistent with a defendant's liability, it stops short of

the line between possibility and plausibility for entitlement to relief." Ashcroft v. Iqbal, supra, 556 U.S. at 696 (internal quotations omitted). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' that the pleader is entitled to relief." Ashcroft v. Iqbal, supra 556 U.S. at 679, quoting Fed.R.Civ.P. 8(a)(2).

The Court of Appeals has repeatedly noted that the trial court has "broad" discretion in ruling on a motion to amend. Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.2d 85, 89 (2d Cir. 1998); Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998). "However, '[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion.'" McCarthy v. Dunn & Bradstreet Corp., surpa, 482 F.3d at 200-01, quoting Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

2. Formal Pleading
Requirements

Although my research has not disclosed any federal authority addressing whether a claim under New York Judiciary Law Section 487 must be pleaded with particularity, New York's courts have held that such a claim must be pleaded with particularity

18

under the New York analog to Rule 9(b). <u>See</u> <u>Facebook, Inc. v.</u>

<u>DLA Piper LLP</u>, 134 A.D.3d 610, 615, 23 N.Y.S.3d 173, 178 (1st

Dep't 2015); <u>Armstrong v. Blank Rome LLP</u>, 126 A.D.3d 427, 427, 2

N.Y.S.3d 346, 346 (1st Dep't 2015). Given this authority and the

central role deceit plays in a claim under Section 487, I con-

clude that Rule 9(b) also applies to plaintiff's Section 487

claim.

> In essence, Rule 9(b) places two . . . burdens on fraud
> plaintiffs -- the first goes to the pleading of the
> circumstances of the fraud, the second to the pleading
> of the defendant's mental state. As to the first, we
> have held that the complaint must "(1) detail the
> statements (or omissions) that the plaintiff contends
> are fraudulent, (2) identify the speaker, (3) state
> where and when the statements (or omissions) were made,
> and (4) explain why the statements (or omissions) are
> fraudulent." <u>Eternity Global Master Fund Ltd. v.</u>
> <u>Morgan Guar. Trust Co. of N.Y.</u>, 375 F.3d 168, 187 (2d
> Cir. 2004) (internal quotation marks omitted). As to
> the second, though mental states may be pleaded "gener-
> ally," Plaintiffs must nonetheless allege facts "that
> give rise to a strong inference of fraudulent intent."
> <u>Lerner v. Fleet Bank, N.A.</u>, 459 F.3d 273, 290-91 (2d
> Cir. 2006).

<u>Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC</u>, 797

F.3d 160, 171 (2d Cir. 2015); <u>see</u>, <u>e.g.</u>, <u>Gabriele v. Am. Home</u>

<u>Mortg. Servicing, Inc.</u>, 503 F. App'x 89, 97 (2d Cir. 2012)

(summary order) (allegation that defendant "advised [plaintiff]

to apply for a mortgage modification program that [defendant]

knew or should have known was detrimental to [plaintiff's]

interests, and misrepresented the amounts due on the debt" did

not "give rise to a 'strong inference of fraudulent intent'" as
required to satisfy Rule 9(b)); Bay Harbour Mgmt. LLC v.
Carothers, 282 F. App'x 71, 77-78 (2d Cir. 2008) (summary order)
(holding that assertions, without particularized facts, that a
defendant knew or should have known about errors in financial
statements did not adequately plead common law fraud); Newby v.
Bank of Am. Corp., 12-CV-614 (SJF)(AKT), 2013 WL 940943 at *5
(E.D.N.Y. Mar. 8, 2013) (allegation that plaintiff relied on an
"inflated value" of a home because bank's appraisal process was
flawed was insufficient to plead fraud claim "absent an identifi-
cation of a statement actually made by [the bank] to plaintiffs
that was itself fraudulent or that omitted information that [the
bank] was required to disclose"); Jiaxing Hongyu Knitting Co.,
Ltd. v. Allison Morgan LLC, 11 Civ. 09342 (AJN), 2013 WL 81320 at
*3 (S.D.N.Y. Jan. 8, 2013) (Nathan, D.J.) ("bare and conclusory
allegations without any factual support -- that Defendants'
representations that they would perform their obligations under
the purchase orders 'were false, deceitful, fraudulent, and made
in bad faith'" and "'against the Defendants' actual intent'" were
insufficient to give rise to an inference of fraudulent intent
(citation omitted)); In re Merrill Lynch Auction Rate Sec.
Litig., 851 F. Supp. 2d 512, 533 (S.D.N.Y. 2012) (Preska, D.J.)
("In this Circuit, Fed.R.Civ.P. 9(b) requires that fraud allega-

tions include the who, what, when, where and why of each state-
ment alleged to be fraudulent."), aff'd sub nom., La. Pac. Corp.
v. Merrill Lynch & Co., 571 F. App'x 8 (2d Cir. 2014) (summary
order).

"The particularity requirement of Rule 9(b) serves to
'provide a defendant with fair notice of a plaintiff's claim, to
safeguard a defendant's reputation from improvident charges of
wrongdoing, and to protect a defendant against the institution of
a strike suit.'" Rombach v. Chang, 355 F.3d 164, 171 (2d Cir.
2004), quoting O'Brien v. Nat'l Prop. Analysts Partners, 936 F.2d
674, 676 (2d Cir. 1991) (inner quotation marks omitted in origi-
nal); accord Tribune Co. v. Purcigliotti, 869 F. Supp. 1076, 1087
(S.D.N.Y. 1994) (Preska, D.J.), aff'd sub nom., Tribune Co. v.
Abiola, 66 F.3d 12 (2d Cir. 1995).

Although Rule 9(b) permits "[m]alice, intent, knowl-
edge, and other conditions of a person's mind [to] be alleged
generally," courts "must not mistake the relaxation of Rule
9(b)'s specificity requirement regarding condition of mind for a
license to base claims of fraud on speculation and conclusory
allegations[,] . . . plaintiffs must allege facts that give rise
to a strong inference of fraudulent intent." Acito v. IMCERA
Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995) (alteration in origi-
nal; inner quotation marks omitted); accord Lerner v. Fleet Bank,

N.A., 459 F.3d 273, 290 (2d Cir. 2006); see IUE AFL-CIO Pension

Fund v. Herrmann, 9 F.3d 1049, 1057 (2d Cir. 1993) ("[C]onclusory

allegations of scienter are sufficient 'if supported by facts

giving rise to a "strong inference" of fraudulent intent.'")

(citation omitted).

> A plaintiff can establish a strong inference of
> scienter "'either (a) by alleging facts to show that
> defendants had both motive and opportunity to commit
> fraud, or (b) by alleging facts that constitute strong
> circumstantial evidence of conscious misbehavior or
> recklessness.'" Kalnit v. Eichler, 264 F.3d 131, 138-
> 39 (2d Cir. 2001). "Where motive is not apparent, it
> is still possible to plead scienter by identifying
> circumstances indicating conscious behavior by the
> defendant, though the strength of the circumstantial
> allegations must be correspondingly greater." Id. at
> 142.

380544 Canada, Inc. v. Aspen Tech., Inc., 633 F. Supp. 2d 15, 29

(S.D.N.Y. 2009) (Keenan, D.J.); accord Landesbank Baden--

Wurttemberg v. Goldman, Sachs & Co., 478 F. App'x 679, 681 (2d

Cir. 2012) (summary order); O'Brien v. Nat'l Prop. Analysts

Partners, supra, 936 F.2d at 676; Union Cent. Life Ins. Co. v.

Credit Suisse Secs. (USA), LLC, 11 Civ. 2327 (GBD), 2013 WL

1342529 at *4 (S.D.N.Y. Mar. 29, 2013) (Daniels, D.J.); In re

Lehman Bros. Secs. & ERISA Litig., 903 F. Supp. 2d 152, 169-170

(S.D.N.Y. 2012) (Kaplan, D.J.); Pa. Pub. Sch. Emps.' Ret. Sys. v.

Bank of Am., Corp., 874 F. Supp. 2d 341, 357 (S.D.N.Y. 2012)

(Pauley, D.J.). General allegations that a defendant engaged in

misconduct in order to maximize his profit do not adequately
allege scienter.  See Novak v. Kasaks, 216 F.3d 300, 307 (2d Cir.
2000).

B.    Legal Standards -
       Substantive Issues

1.  Legal Malpractice

"[A] cause of action for legal malpractice pose[s] a
question of law which [can] be determined on a motion to dis-
miss." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328,
337 (2d Cir. 2006), quoting Rosner v. Paley, 65 N.Y.2d 736, 738,
481 N.E.2d 553, 554, 492 N.Y.S.2d 13, 14 (1985).  The elements of
a claim of legal malpractice under New York law are:  (1) an
attorney-client relationship at the time of the alleged malprac-
tice; (2) attorney negligence; (3) proximate causation and (4)
actual damage to the client.  Kirk v. Heppt, 532 F. Supp. 2d 586,
591 (S.D.N.Y. 2008) (Sweet, D.J.) (citations omitted); see also
O'Callaghan v. Brunelle, 84 A.D.3d 581, 582, 923 N.Y.S.2d 89, 90
(1st Dep't 2011); Parola, Gross & Marino, P.C. v. Susskind, 43
A.D.3d 1020, 1022, 843 N.Y.S.2d 104, 105-06 (2d Dep't 2007).  An
attorney is negligent if he or she fails to exercise that degree
of care, skill and diligence commonly possessed and exercised by
ordinary members of the legal community.  Rudolf v. Shayne,

_Dachs, Stanisci, Corker & Sauer_, 8 N.Y.3d 438, 442, 867 N.E.2d 385, 387, 835 N.Y.S.2d 534, 536 (2007).

> A complaint that essentially alleges either an "error of judgment" or a "selection of one among several reasonable courses of action" fails to state a claim for malpractice . . . . Generally, an attorney may only be held liable for "ignorance of the rules of practice, failure to comply with conditions precedent to suit, or for his neglect to prosecute or defend an action."

_Achtman v. Kirby, McInerney & Squire, LLP_, 464 F.3d 328, 337 (2d Cir. 2006) (citations omitted).

New York Law limits a plaintiff's "recovery in legal malpractice actions to pecuniary damages." _McPhillips v. Bauman_, 133 A.D.3d 998, 999, 19 N.Y.S.3d 367, 369 (3d Dep't 2015) (internal quotation marks and citation omitted), _quoting Kaufman v. Medical Liab. Mut. Ins. Co._, 121 A.D.3d 1459, 1460, 995 N.Y.S.2d 807, 809 (3d Dep't 2014) (internal quotation marks and citation omitted). Therefore, a plaintiff must allege pecuniary damages, rather than a nebulous allegation of harm to an amorphous interest such as "business reputation" or "mental anguish". _See McPhillips v. Bauman_, _supra_, 133 A.D.3d at 998, 19 N.Y.S.3d at 369; _Dombrowski v. Bulson_, 19 N.Y.3d 347, 351, 971 N.E.2d 338, 340-41, 948 N.Y.S.2d 208, 210-11 (2012) (concluding that there is "no compelling reason to depart from the established rule limiting recovery in legal malpractice actions to pecuniary damages").

Where a plaintiff seeks damages for the value of a lost claim, she "must establish the elements of proximate cause and actual damages by 'demonstrat[ing] that "but for" the attorney's conduct the client would have prevailed in the underlying matter . . .'" Kirk v. Heppt, supra, 532 F. Supp. 2d at 592 (alteration in original), citing Trautenberg v. Paul, Weiss, Rifkind, Wharton & Garrison, LLP, 06 Civ. 1421 (GBD), 2007 WL 2219485 at *3 (S.D.N.Y. Aug. 2, 2007) (Daniels, D.J.).

> 2. Attorney Deceit Under
>    New York Judiciary Law § 487

New York Judiciary Law Section 487 provides:

> An attorney or counselor who:
>
> 1. Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party; or,
>
> 2. Wilfully delays his client's suit with a view to his own gain; or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,
>
> Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

N.Y. Jud. Law § 487.

To establish a claim under New York Judiciary Law § 487, a plaintiff must show, at a minimum, "that defendan[t]: (1)

[is] guilty of deceit or collusion, or consent[ed] to any deceit
or collusion; and (2) had an intent to deceive the court or any
party." Ray v. Watnick, 182 F. Supp. 3d. 23, 28 (S.D.N.Y. 2016)
(Rakoff, D.J.), citing Iannazzo v. Day Pitney LLP, 04 Civ. 7413,
2007 WL 2020052 at *11 (S.D.N.Y. July 10, 2007) (Chin, then D.J.,
now Cir. J.); see Amalfitano v. Rosenberg, 533 F.3d 117, 123 (2d
Cir. 2008) ("Section 487 thus permits a civil action to be
maintained by any party who is injured by an attorney's inten-
tional deceit or collusion in New York on a court or on any party
to litigation, and it provides for treble damages."). The
plaintiff must also plead and prove actual damages caused by the
deceit or collusion alleged. See Feldman v. Jasne, 294 A.D.2d
307, 307, 742 N.Y.S.2d 540, 540 (1st Dep't 2002). Further,
"numerous New York State courts interpreting the statute, as well
as federal courts construing the state court decisions, have
concluded that liability attaches under these statutes only if
the deceit is 'extreme' or 'egregious.'" Ray v. Watnick, supra,
182 F. Supp. 3d at 31-32, citing Savitt v. Greenberg Traurig,
LLP, 126 A.D.3d 506, 507, 5 N.Y.S.3d 415, 416 (1st Dep't 2015);
Englert v. Schaffer, 61 A.D.3d 1362, 1363, 877 N.Y.S.2d 780, 781
(4th Dep't 2009); Nason v. Fisher, 36 A.D.3d 486, 487, 828
N.Y.S.2d 51, 52 (1st Dep't 2007); Donaldson v. Bottar, 275 A.D.2d
897, 898, 715 N.Y.S.2d 168, 169 (4th Dep't 2000); Ulrich v.

26

Hausfeld, 269 A.D.2d 526, 526, 704 N.Y.S.2d 495, 495 (2d Dep't 2000); Schindler v. Issler & Schrage, P.C., 262 A.D.2d 226, 227, 692 N.Y.S.2d 361, 362 (1st Dep't 1999); Gonzalez v. Gordon, 233 A.D.2d 191, 191, 649 N.Y.S.2d 701, 702 (1st Dep't 1996).

Further, the statute "is not a codification of a common-law cause of action for fraud" and the "operative language at issue -- 'guilty of any deceit' -- focuses on the attorney's intent to deceive, not the deceit's success." Amalfitano v. Rosenberg, 12 N.Y.3d 8, 14, 903 N.E.2d 265, 268-69, 874 N.Y.S.2d 868, 871 (2009). Thus, the New York Court of Appeals has refused to limit the statute "to successful deceits" because that "would run counter to the statute's evident intent to enforce an attorney's special obligation to protect the integrity of the courts and foster their truth-seeking function." Amalfitano v. Rosenberg, supra, 12 N.Y.3d at 14, 903 N.E.2d at 268-69, 874 N.Y.S.2d at 871 (2009). However, courts have also held that an "'[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability' under Section 487." Tacopina v. Kerik, 14 Civ. 749 (LTS)(FM), 2016 WL 1268268 at *6 (S.D.N.Y. Mar. 31, 2016) (Swain, D.J.) (even if plaintiff were able to show that allegations of defamation against him were "unfounded" he would not have a Section 487 claim against the attorney for his adversary),

quoting Ticketmaster Corp. v. Lidsky, 245 A.D.2d 142, 143, 665 N.Y.S.2d 666, 667 (1st Dep't 1997); accord In re Swift, 94-10285-CEC, 2016 WL 355515 at *5 (Bankr. E.D.N.Y. Jan. 28, 2016); Thomas v. Chamberlain, D'Amanda, Oppenheimer & Greenfield, 115 A.D.2d 999, 999-1000, 497 N.Y.S.2d 561, 562 (4th Dep't 1985), appeal dismissed, 67 N.Y.2d 1005, 494 N.E.2d 111, 502 N.Y.S.2d 1006 (1986).

   C.  Application of the
       Foregoing Principles

        Plaintiff seeks to amend her complaint in two respects. First, plaintiff proposes to add three new bases for her claim of malpractice against Monaghan in connection with his representation of plaintiff in the 2007 S.D.N.Y. Action (Pl. Mot. at 8-9). Second, plaintiff argues that those same facts establish a claim for attorney deceit under New York Judiciary Law Section 487, a claim which she previously raised in both the Complaint and the Amended Complaint, albeit on different factual grounds, and which was dismissed without prejudice by Judge Crotty in his March 6, 2017 Order (Pl. Mot. at 14).

1. Additional Factual Bases for
   Plaintiff's Malpractice Claim

As noted above, plaintiff seeks to assert three new
bases for her legal malpractice claim: (1) Monaghan committed
malpractice by failing to object to Sunbow's motion to dismiss on
the ground that it was filed by an attorney who had never filed a
notice of appearance on Sunbow's behalf; (2) Monaghan improperly
failed to object to Sunbow's corporate disclosure statement on
the ground that it was filed after Sunbow's motion to dismiss and
(3) Monaghan improperly failed to serve, or obtain a waiver of
service from, several corporate defendants against whom plaintiff
had claims (Pl. Mot. at 8-9). Plaintiff alleges without any
explanation that Monaghan's conduct amounted to violations of
several Rules of Professional Conduct under New York law.
Furthermore, she claims that Monaghan's negligence proximately
caused damages to her in the form of (1) harm to her reputation
and honesty; (2) costs and expenses incurred in litigating the
protracted 2007 S.D.N.Y. Action and (3) deprivation of past due
royalties allegedly owed to her (Pl. Mot. at 14).

Monaghan argues that the proposed amendments are futile
(Def. Mem. at 8-11). He principally argues that plaintiff's
malpractice claim is barred by New York's statute of limitations,
and has submitted a declaration and supporting exhibits indicat-

ing that his professional relationship with plaintiff ended in October 2012 and that her new specifications are time-barred (Def. Mem. at 8-11). However, Monaghan's declaration and his exhibits cannot be considered at this stage. Because the futility analysis under Rule 15(a) is essentially the same as the analysis used to resolve a motion under Rule 12(b)(6), the court cannot consider an affirmative defense that is not clear from the face of the proposed amended complaint. See Journal Publ'g Co. v. Am. Home Assurance Co., supra, 771 F. Supp. at 635 ("Defendants' contention that the proposed amendments are futile is based largely on factual arguments going to the merits of plaintiff's claims . . . . [I]t is axiomatic that a court may not look beyond the face of the complaint on a motion to dismiss for failure to state a claim."); accord Permatex, Inc. v. Loctite Corp., 03 Civ. 943 (LAK)(GWG), 2004 WL 1354253 at *3 (S.D.N.Y. June 17, 2004) (Gorenstein, M.J.) ("[M]aterials outside the pleadings . . . cannot be considered on a motion for leave to amend.").

Monaghan also argues that plaintiff has failed to allege sufficiently that plaintiff was damaged as the result of his alleged malpractice (Def. Mem. at 4). As explained above, even if an attorney-client relationship is found and an attorney's negligence has been established, in order to state a claim

for legal malpractice the complaint must plausibly allege that plaintiff suffered actual damages and that the attorney's malpractice was the proximate cause of those damages. See <u>Kirk v. Heppt</u>, <u>supra</u>, 532 F. Sup. 2d at 591.

As an initial matter, even if I assume that plaintiff's proposed Second Amended Complaint adequately alleges that Monaghan's representation of plaintiff during the 2007 S.D.N.Y. Action was negligent, it is fatally deficient to the extent plaintiff was injured as a result of harm to her reputation. New York law requires a plaintiff to plead and prove pecuniary loss in order to state a claim of legal malpractice. See <u>Calcutti v. SBU, Inc.</u>, 224 F. Supp. 2d 691, 699-700 (S.D.N.Y. 2002) (Marrero, D.J.) (holding that plaintiff must allege all elements of a claim for legal malpractice set forth by state law in order to defeat a Rule 12(b)(6) motion); <u>see also</u> <u>Dombrowski v. Bulson</u>, <u>supra</u>, 19 N.Y.3d at 351, 971 N.E.2d at 340-41, 948 N.Y.S.2d at 210-11 (concluding that there is "no compelling reason to depart from the established rule limiting recovery in legal malpractice actions to pecuniary damages"). Accordingly, plaintiff has failed to adequately allege a claim for malpractice under New York law to the extent that she alleges harm to reputation and honesty. See <u>Salichs v. Tortorelli</u>, 01 Civ. 7288 (DAB)(THK), 2004 WL 602784 at *4 (S.D.N.Y. Mar. 29, 2004) (Batts, D.J.) ("New

York law requires not only that a complaint plead actual, ascertainable damages, but also that those damages be monetary."), citing Galu v. Attias, 923 F. Supp. 590, 597 (S.D.N.Y. 1996) (Sprizzo, D.J.) ("A plaintiff suing in malpractice [under New York law] can recover only pecuniary loss but not for mental or psychological suffering." (citations omitted)); see also D'Alessandro v. Carro, 123 A.D.3d 1, 7, 992 N.Y.S.2d 520, 524 (1st Dep't 2014) (holding non-pecuniary damages are not recoverable in a legal malpractice action whether the malpractice is civil or criminal in nature); Wilson v. City of New York, 294 A.D.2d 290, 292-93, 743 N.Y.S.2d 30, 32 (1st Dep't 2002).

With respect to plaintiff's allegations that Monaghan's conduct during the 2007 S.D.N.Y. Action (1) caused her to incur the costs and expenses of litigation and (2) precluded her from collecting past due royalties from the defendants, she has adequately plead damages that are pecuniary in nature. However, under New York law, a plaintiff who asserts a claim for legal malpractice must allege facts demonstrating that the attorney's negligence was the "proximate cause" of her damages. See Law Practice Mmgmt. Consultants, LLC. v. M & A Counselors & Fiduciaries, LLC., 599 F. Supp. 2d 355, 359 (E.D.N.Y. Feb. 28, 2009) (dismissing plaintiff's claim for legal malpractice under Fed.R.Civ.P. 12(b)(6) because "[a] failure to establish proximate

32

cause 'mandates the dismissal of a legal malpractice action, regardless of the attorney's negligence'"), citing Brooks v. Lewin, 21 A.D.3d 731, 734, 800 N.Y.S.2d 695, 697 (1st Dep't 2005). To plead the element of proximate cause, "'a plaintiff must [allege] that but for the attorney's negligence, she would have prevailed in the underlying matter or would not have sustained any ascertainable damages.'" Law Practice Mmgmt. Consultants, LLC. v. M & A Counselors & Fiduciaries, LLC., supra, 599 F. Supp. 2d at 359, quoting Brooks v. Lewin, supra, 21 A.D.3d at 734, 800 N.Y.S.2d at 697.

Plaintiff alleges that Monaghan was negligent by (1) failing to object to Sunbow's motion to dismiss, (2) failing to object to Sunbow's corporate disclosure statement and (3) failing to properly serve certain defendants (Pl. Mot. 8-9).

Plaintiff's proposed amendments contain only a conclusory allegation that Monaghan's failure to object to Sunbow's motion to dismiss and its corporate disclosure statement "effectively poisoned the well" and had permitted Sunbow's attorney "to drive the narrative in the case without license to do so, affording her [the ability] to craft the [2007 S.D.N.Y. Action for her own purposes]" (Pl. Mot. at 9-10). However, plaintiff has failed to plead any facts "that would even suggest that, but for [Monaghan's failure to object to these submis-

33

sions], [she] would have prevailed" in or not sustained ascertainable damages from the 2007 S.D.N.Y. Action. Law Practice Mgmt. Consultants, LLC v. M & A Counselors & Fiduciaries, LLC, supra, 599 F. Supp. 2d at 359; see Evan Street Productions, LTD., v. Shkat Arrow Hafer & Weber, LLP, 643 F. Supp. 2d 317, 322 (S.D.N.Y. 2008) (Batts, D.J.) ("At [the motion to dismiss] stage of the litigation . . . [p]laintiff need only allege, not prove, the proximate cause element of the legal malpractice claim."), citing Mercantile Capital Partners Fund, LP. v. Morrison Cohen, LLP., 2008 WL 1777431 at *3 (N.Y. Sup. 2008). In fact, plaintiff entirely fails to specify any unfavorable outcome that was the result of Monaghan's failure to object. Plaintiff does not allege what the legal bases for these objections were nor does she assert that a favorable determination would have likely been made with respect to these objections. Sunbow's Motion to Dismiss was never decided (Pl. Mot. 13-14). Plaintiff voluntarily dismissed Sunbow and the other corporate defendants who jointly filed Sunbow's Motion to Dismiss from the 2007 S.D.N.Y. Action, without prejudice, on March 21, 2017 before any ruling on the motion (2007 S.D.N.Y. Voluntary Dismissal). In addition, because a corporate disclosure statement has nothing to do with the merits of an action, it is a near certainty that the absence of an objection to Sunbow's corporate disclosure statement had no

impact on plaintiff's claims.  Thus, plaintiff's first two "new" specifications of malpractice are futile.

Plaintiff also alleges that Monaghan committed malpractice by failing to serve several defendants who never made an appearance in the 2007 S.D.N.Y. Action (Pl. Mot. at 8).  Plaintiff asserts that she has "direct claims with respect to royalties for [her] musical works" against these defendants (Pl. Mot. at 8 n.11).  However, notwithstanding this conclusory allegation, plaintiff does not identify what claims she would have asserted against these defendants or when those claims arose, nor does she allege facts explaining why she likely would have prevailed on her claims against those defendants.  See Stonewell Corp. v. Conestoga Title Ins. Co., 678 F. Supp. 2d 203, 209 (S.D.N.Y. 2010) (Wood, D.J.), citing Zarin v. Reid & Priest, 184 A.D.2d 385, 585 N.Y.S.2d 379, 381 (1st Dep't 1992) and Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc., 10 A.D.3d 267, 271, 780 N.Y.S.2d 593, 596 (1st Dep't 2004) ("[T]o establish the elements of proximate cause and actual damages . . . the client must meet a 'case within the case' requirement, demonstrating that 'but for' the attorney's conduct the client would have prevailed in the underlying matter or would not have sustained any ascertainable damages.").  Thus, plaintiff's third "new" specification of malpractice is also futile.

Accordingly, plaintiff's motion to file a Second
Amended Complaint to add new factual allegations in support of
her malpractice claim is denied.

### 2. Attorney Deceit Under New York Judiciary Law Section 487

Leave to file plaintiff's proposed amended Section 487
claim is also denied for failure to comply with Fed.R.Civ.P.
9(b).

In order to prevail on a Section 487 claim, a plaintiff
must establish "that defendan[t]: (1) [is] guilty of deceit or
collusion, or consent[ed] to any deceit or collusion; and (2) had
an intent to deceive the court or any party." Ray v. Watnick,
supra, 182 F. Supp. 3d at 29. Plaintiff has again failed to
allege specific facts would support an inference that Monaghan
harbored an intent to deceive the court or any party.

Plaintiff's proposed claim for "Attorney Deceit" in her
proposed Second Amended Complaint differs from that alleged in
her Amended Complaint. In her Amended Complaint, plaintiff
alleged that Monaghan deceived the court in all three actions by
"propounding the misrepresented 'fact' that Kinder & Bryant
Ltd[.] was the legal [New York] Corporation of which Plaintiff
was a co-owner," causing plaintiff to enter into fraudulent

settlements (Am. Coml. ¶¶ 23-40). In my December 16, 2016 Report and Recommendation, I found that this allegation was insufficient to state a claim for attorney deceit because the

> Amended Complaint assert[ed] that Monaghan "knew or should have known" that KBA's name had not actually been changed to K&B and that his failure to discover and disclose this fact to plaintiff in connection with the actions he litigated for her was deceitful . . . . [P]laintiff does not allege how or when Monaghan knew or could have learned that KBA's name had not actually been changed nor does she identify what motive he had to conceal these facts from her.

(Dec. 16, 2016 R&R at 40-41). Put simply, I concluded that plaintiff had failed to allege facts sufficient to establish either of the two elements of a Section 487 claim -- that Monaghan was guilty of deceit and had an intent to deceive the court or plaintiff -- warranted dismissal of that claim.

Plaintiff's proposed amendment to her claim for attorney deceit is premised on Monaghan's deficient performance as counsel throughout the 2007 S.D.N.Y. Action. Plaintiff alleges that Monaghan's conduct during the 2007 S.D.N.Y. Action suggests collusion between Monaghan and defendants (Pl. Mot. at 13). Plaintiff further alleges that Monaghan prepared a faulty complaint in concert with defendants to delay the ultimate resolution of the case (Pl. Mot. at 13). Despite its new factual allegations, the proposed claim is deficient for largely the same reasons as her previous Section 487 claim.

Plaintiff's claim fails because she does not plausibly allege facts that imply collusion between Monaghan and defendants, or that Monaghan had an intent or motive to deceive the court or any party. Rather, plaintiff makes conclusory allegations of collusion with no supporting facts to suggest motive. She does not identify any particular statements in or omissions from the 2007 S.D.N.Y. Complaint that were fraudulent nor does she explain how it was deficient. She does not, for example, explain why the complaint was somehow advantageous to the defendants in the 2007 S.D.N.Y. Action, which is what one would expect to see if a plaintiff's attorney had colluded with the defendants in an action. She also fails to allege facts suggesting a reason for Monaghan to prolong the 2007 S.D.N.Y. Action.

Plaintiff also appears to claim that Monaghan's alleged failures, discussed in the preceding section, amounted to more than malpractice, and, in the aggregate, Monaghan's actions somehow suggest that he had colluded with defendants in order to protract the 2007 S.D.N.Y. Action. However, plaintiff does not explain how these failures were fraudulent or how they imply collusion with defendants. See Mazzone v. Town of Southampton, CV 16-4515 (JFB)(ARL), 2017 WL 6021475 at *15 (E.D.N.Y. July 26, 2017) (Report & Recommendation) (recommending that plaintiff's failure to allege facts that demonstrated defendants' deceit or

collusion warranted dismissal of the claim pursuant to Fed.R.Civ.P. 12(b)(6)); see also AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC, 254 F. Supp. 2d 373, (S.D.N.Y. 2003) (Koeltl, D.J.) ("These kinds of vague, conclusory allegations that do not indicate what the specific representations were or who made them do not satisfy the requirements of Fed.R.Civ.P. 9(b))."), citing Decker v. Massey-Ferguson, Ltd., 681 F.2d 111, 116 (2d Cir. 1982).

Plaintiff has also failed to plead any facts demonstrating that Monaghan harbored an intent to deceive either her or the court. Instead, plaintiff attempts to raise a strong inference of intent to collude by pointing to the fact that she incurred costs and expenses in the 2007 S.D.N.Y. Action, and that that financial burden grew in correlation with the amount of time it has taken to resolve the 2007 S.D.N.Y. Action. However, that fact does not, in and of itself, raise an inference that Monaghan intended to deceive plaintiff or the court, or that he was colluding with defendants. See Ray v. Watnick, supra, 182 F. Supp. 3d. at 28 (holding that to establish a claim for Section 487, a plaintiff must allege facts demonstrating that the defendant is "guilty of deceit or collusion" and that the defendant intended to deceive the court or party); see also IUE AFL-CIO Pension Fund v. Herrman, supra, 9 F.3d at 1057 ("[C]onclusory

allegations of scienter are sufficient 'if supported by facts giving rise to a 'strong inference' of fraudulent intent.'" (citation omitted)). Moreover, "in order to successfully maintain a claim under [Section 487], it is essential to establish damages caused by deceit." Amalfitano v. Rosenberg, 428 F. Supp. 2d 196, 207 (S.D.N.Y. 2006) (Buchwald, D.J.) (citation omitted). Indeed, the lengthy nature of the 2007 S.D.N.Y. Action was due in large part to the Order of Judge Stein, dated September 30, 2009, which stayed the 2007 S.D.N.Y. Action until the resolution of the 2000 N.Y.S. Action and, thus, was not proximately caused by any of Monaghan's alleged acts of malpractice (Sept. 30, 2009 Order; Mar. 8, 2017 Order). In addition, plaintiff does not identify what costs she incurred while the 2007 S.D.N.Y. Action was stayed.

Therefore, plaintiff's motion to amend her complaint to allege a Section 487 claim is also denied.

IV. Conclusion

Accordingly, for all the foregoing reasons, plaintiff's motion to file a second amended complaint is denied. Given the age of this matter and the multiple opportunities plaintiff has had to state her claims, plaintiff is denied leave to further amend her complaint. The only remaining claim in this action

will be plaintiff's legal malpractice claim against Monaghan, based on: (1) Monaghan's alleged conflict of interest with Kinder and (2) Monaghan's allegedly deficient filings in the 2000 N.Y.S. Action. The Clerk of the Court is respectfully requested to mark Docket Item 93 closed.

Dated:  New York, New York
        February 14, 2018

                            SO ORDERED

                            HENRY PITMAN
                            United States Magistrate Judge

Copy mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, Florida  34239

Copies transmitted to:

Patrick J. Monaghan, Jr., Esq.
Monaghan, Monaghan, Lamb & Marchisio
150 West 55th Street
New York, New York  10019

Urban S. Mulvehill, Esq.
O'Neill, DiManno & Kelly
15 Beekman Street
New York, New York  10038