USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/18

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

ANNE BRYANT,                        :
                                       15 Civ. 8427 (PAC)(HBP)
                 Plaintiff,         :
                                       REPORT AND
     -against-                      :  RECOMMENDATION

NOEL L. SILVERMAN, ESQ., et al.,    :

                 Defendants.        :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

## I. Introduction

By notice of motion dated August 1, 2017 (Docket Item ("D.I.") 107), plaintiff moves for an Order dismissing this action without prejudice based on Monaghan's alleged violations of New York Judiciary Law Sections 470, 476 and 492 (D.I. 107). For the reasons set forth below, I respectfully recommend that the motion be denied.

II.  Facts[1]

New York Judiciary Law Section 470 provides that an attorney who is admitted to practice in New York but resides outside the state must maintain a law office in New York in order to practice law in state court.  Section 492 makes it a misdemeanor for an attorney to lend his or her name to a person -- even another attorney -- for the purpose of commencing or defending an action, unless that person is his or her general law partner or a clerk in his or her law office.

Plaintiff argues that Monaghan, who resides in New Jersey, provided the New York address of his former, and now defunct, law firm, Monaghan, Monaghan, Lamb and Marchisio LLP ("MML&M"), in order to evade the requirements of New York Judiciary Law Section 470 and to represent himself in this action, because Monaghan's current law firm, Beattie Padavano LLC ("BP"), does not have an office in the state (Plaintiff's Memorandum of Law in Support of Motion to Dismiss, dated Aug. 2, 2017 (D.I.

---

[1] I recite only those facts relevant to my resolution of the pending motions.  The background of this case is set forth more fully in the Order of the Honorable Paul A. Crotty, United States District Judge, dated March 6, 2017 and my Report and Recommendation dated December 16, 2016 (D.I. 65) and in my Opinion and Order of even date denying plaintiff's motion to file a second amended complaint.  The reader's familiarity with the factual and procedural background of this case is presumed.

108) ("Pl. Mem.") at 1-2). Plaintiff further contends that Urban S. Mulvehill, Esq., who also represents Monaghan in this action, filed a notice of appearance for the sole purpose of lending the name and address of his firm's New York office to Monaghan in violation of New York Judiciary Law Section 492 (Pl. Mem. at 1-2).[2]

In response to plaintiff's motion to dismiss, Monaghan offers a declaration in which he states that he left MML&M in 2010 to join BP and that, like MML&M, BP maintains an office in the state of New York at 99 Main Street, Nyack, New York 10960 (Declaration of Patrick Monaghan, Jr., Esq., dated Aug. 8, 2017 (D.I. 110) ("Monaghan Third Decl.") ¶¶ 3-4). Accordingly, Monaghan argues, he is in full compliance with New York Judiciary Law Sections 470 and 492. Monaghan admits that the mailing address listed for him on the docket sheet of this action incorrectly provides the address of his former firm, MML&M. However, Monaghan asserts that his "e-mail address shown on the [d]ocket was and is correct and [that] plaintiff has had no trouble

---

[2]Plaintiff also asserts that Monaghan has violated New York Judiciary Law Section 476 (Pl. Mem. at 1-2). Unlike Sections 470 and 492, Section 476 provides neither a proscriptive or prescriptive rule governing the practice of law before New York State courts. Rather, Section 476 mandates that any person who violate Section 492 must pay a sum of $50.00 to their adversaries.

serving [him] with papers by e-mail" (Monaghan Third Decl. ¶ 6). Moreover, Monaghan declares that he has never filed a paper in this action that did not provide the correct address for service of papers and contact information (Monaghan Third Decl. ¶ 6). Monaghan further states that he had contacted the Clerk of the Court to correct his address (Monaghan Third Decl. ¶ 6).

III. <u>Analysis</u>

Plaintiff's arguments in support of her dismissal motion are flawed in several respects. First, the privilege to practice before a federal court is not governed by the law of the state which that court sits in. <u>Amusement Indus., Inc. v. Midland Ave. Associates, LLC</u>, 820 F. Supp. 2d 510, 525 (S.D.N.Y. 2011) (Kaplan, D.J.) (rejecting defendants' argument that action had to be dismissed due to a violation of Section 470 because "[a]dmission to practice law before a state's courts and admission to practice before the federal courts in that state are separate independent privileges"), <u>quoting</u> <u>In Re Poole</u>, 222 F.3d 618, 620 (9th Cir. 2000). Accordingly, the rules of this court -- not New York's Judiciary Law -- govern this action, and Monaghan's alleged violation of state law is immaterial. Inasmuch as Monaghan is admitted to the bar of this court (<u>see</u> Declaration of Patrick J. Monaghan, Jr., Esq., dated June 21,

4

2017 (D.I. 98) at 1), there is no obstacle to his appearing in this action.

In addition, plaintiff's argument ignores the fact that Monaghan is not representing anyone in this action other than himself. The "practice of law" has different meanings in different contexts, but it has never been understood to include a party proceeding pro se. Plaintiff has named Monaghan as a defendant in this matter, and, although he has retained an attorney, he has largely chosen to represent himself. Thus, even if Section 470 did apply to this court, Monaghan's representation of himself would not constitute the practice of law.

IV. Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that plaintiff's motion to dismiss this action without prejudice based on Monaghan's alleged violation of New York Judiciary Law Section 470 and 492 be denied.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from receipt of this Report to file written objections. See also Fed.R.Civ.P. 6(a). Such objections (and

5

responses thereto) shall be filed with the Clerk of the Court with courtesy copies delivered to the Chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 1350, New York, New York 10007, and to the Chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York, 10007.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983) (per curiam).

Dated:  New York, New York
        February 14, 2018

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, FL 34239

Copies transmitted to:

Patrick J. Monaghan, Jr., Esq.
Monaghan, Monaghan, Lamb & Marchisio
150 West 55th Street
New York, New York  10019

Urban S. Mulvehill, Esq.
O'Neill, DiManno & Kelly
15 Beekman Street
New York, New York  10038