UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/18

ANNE BRYANT,

             *Plaintiff,*

15 Civ. 8427 (PAC) (HBP)

-*against*-

**OPINION & ORDER**

NOEL L. SILVERMAN, ESQ., et al.,

             *Defendant.*

------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 14, 2018, Magistrate Judge Henry Pitman issued an Opinion and Order ("O&O") denying Plaintiff Anne Bryant's motion for leave to file "supplemental pleadings." Dkt. 142. Bryant timely filed objections to the O&O pursuant to Federal Rule of Civil Procedure 72, which provides that a party may file objections to a magistrate judge's order, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). Having reviewed the objections, the Court finds no clear error in the O&O.

For example, Bryant complains that the O&O fails to address an argument in her motion that "Sunbow Productions Inc. should not have been permitted by Monaghan, and by the Court, to plead a 12(b)(6) Dismissal Motion in the 2007 Federal Action, because no Affidavit or Waiver or Service was filed on the Docket to prove service of a summons and complaint to Sunbow Productions, Inc." Objections to O&O, Dkt. 144, at 7-8. Although Bryant's motion mentions this absence on the docket, however, it does not argue that this is a basis for denying Sunbow Productions, Inc.'s motion to dismiss. Mot. to File Suppl. Pleadings, Dkt. 93, at 8. Moreover,

Bryant cites no law to support such an argument.

As another example, Bryant insists that her motion should be construed as a motion to file supplemental pleadings under Rule 15(d) rather than as a motion to amend the complaint under Rule 15(a) because "Plaintiff has pleaded different, additional and proven claims of Failure to File Documents that supplement the claims on those issues pleaded in the Amended Complaint." Objections to O&O, Dkt. 144, at 10. As the O&O succinctly explained, however, Rule 15(d) applies only to events occurring after the date of the pleading to be supplemented, and Bryant's proposed amendments "are based on events that occurred nearly a decade before she filed her original Complaint. O&O at 13-14. Therefore, the O&O was correct to construe Bryant's motion as one to amend her complaint, and the Court finds no clear error in its decision to deny the proposed amendments as futile.

Accordingly, the Clerk of the Court is directed to terminate Bryant's pending motion at Docket 93. As explained in the O&O, the only remaining claim in this action will be Bryant's legal malpractice claim against Monaghan based on (1) Monghan's alleged conflict of interest with Kinder, and (2) Monaghan's allegedly deficient filings in the 2009 New York State action. The reference to Magistrate Judge Pitman is continued.

Dated: New York, New York
March 13, 2018

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

Copies Mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, FL 34239

2

Ms. Anne Bryant
P.O. Box 418
Stony Point, NY 10980