USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ANNE BRYANT,

          *Plaintiff*,

-*against*-

NOEL L. SILVERMAN, ESQ., et al.,

          *Defendant*.

------------------------------------------------------------X

15 Civ. 8427 (PAC) (HBP)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

    On August 22, 2017, *pro se* Plaintiff Anne Bryant filed a "Notice of Voluntary Dismissal of Defendant Patrick J Monaghan Jr Pursuant to Fed. R. Civ. P. 41(a)(1)(B)" (the "Notice"). Dkt. 113. The Notice specifies that dismissal is with prejudice. *See id.* Federal Rule of Civil Procedure 41(a)(1)(B), however, addresses only the effects of a notice or stipulation of dismissal on subsequent actions. Bryant presumably intended the Notice to operate as either a request for dismissal under Rule 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," or as a stipulation of dismissal under Rule 41(a)(1)(A)(ii), which provides that "the plaintiff may dismiss an action without a court order by filing: . . . (ii) a stipulation of dismissal signed by all parties who have appeared." Indeed, the Court denied a previous notice of dismissal under Rule 41(a)(1)(A)(i) as untimely and explained that Bryant still may consent to dismissal "by entering a stipulation pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)." *See* Opinion and Order, Dkt. 103, at 2.

    On the same day that Bryant filed the Notice, Defendant Monaghan filed a declaration responding to a separate motion by Bryant in which he consented to dismissal on the condition

that Bryant did not file another action against him. *See* Dkt. 112. Two days later, on August 24, 2017, Bryant filed a Notice of Withdrawal of Voluntary Dismissal and an accompanying declaration (the "Declaration"). *See* Dkt. 114-15. The Declaration explained that Bryant withdrew the Notice, she did not consent to Monaghan's proposed stipulation, and "[i]f a Voluntary Dismissal is to be by stipulation of the Parties, . . . then this Plaintiff also demands to set terms of a stipulation of Voluntary Dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)." *See* Dkt. 115 at 2. Accordingly, Bryant requested that Monaghan continue to work out stipulations with her for a voluntary dismissal. *See id.* at 3.

One week later, on September 1, 2017, Monaghan filed a letter with the Court claiming that "[t]here is no Federal Rule of procedure for changing your mind" and consenting to a dismissal with prejudice. *See* Dkt. 116 at 1. Hence, he requests that the Court enter an order confirming Bryant's request for a dismissal of this action with prejudice and without costs to any party. *See id.* at 2.

The Court cannot do as Monaghan requests. No stipulation of dismissal "signed by all parties" was filed with the Court under Rule 41(a)(1)(A)(ii). Even if the Court construes the Notice as a request for dismissal under Rule 41(a)(2), Bryant has withdrawn the request, and Monaghan cites no authority providing that such a withdrawal is invalid. Under these circumstances, it would be improper for the Court to dismiss the action with prejudice. Therefore, Bryant's Notice at Docket 113 is deemed withdrawn.

Dated: New York, New York
March 13, 2018

SO ORDERED

/s/ Paul A. Crotty
PAUL A. CROTTY
United States District Judge

2

Copies Mailed to:

Ms. Anne Bryant
2601 Jefferson Circle
Sarasota, FL 34239

Ms. Anne Bryant
P.O. Box 418
Stony Point, NY 10980