ANNE BRYANT                                                       2601 Jefferson Circle
                                                                  Sarasota FL 34239

April 3, 2018



Hon. Henry B. Pitman, USMJ
U.S. Courthouse, S.D.N.Y.
500 Pearl Street
New York, NY 10007

    re:    Bryant v. Noel L. Silverman, Esq, Patrick J. Monaghan Jr., Esq, *et al*
           Docket No. 15-cv-8427 (PAC) (HBP)

### LETTER MOTION

Dear Judge Pitman,

1. I received a call last week from your Deputy, Tony Cancellarich to advise me that there will be a telephone conference with you and the parties on May 2nd. Even as the date and time are acceptable to me— I will participate, I write in anticipation of the conference to voice my objections to Mr. Mulvehill's assertion that my Motion for Summary Judgment ("MSJ" (D.I.#s 129-135)) should be <u>prejudged</u> in any way, as posited in this letter to you of 3/26/18 (D.I. 148, ¶¶A, B); and, to his premature request for a proposed Pretrial Order. (*Id.* ¶C).

2. In connection to *Id.* ¶B of his letter, Mr. Mulvehill ignores the fact that Defendant Monaghan Esq. did not make any attempt to controvert the MSJ Statement of Material Facts (D.I. 130), nor did he argue statements in my Declaration (D.I. 132) and arguments in the Memorandum of Law (D.I. 131). Defendant Monaghan Esq. ignored the MSJ altogether, making only thewless statements in his Letter of Opposition (D.I. 136), that were <u>comprehensively addressed in my Reply and Memorandum of Law</u> (D.I. 139). Accordingly, this Action is ripe

for Summary Judgment as a matter of law under Fed. R. Civ. P. 56(a) and Rules 56(e) 2 and (3).

3. Further, to *Id.* ¶B of his letter, Mr. Mulvehill ignores the fact that the defendant's total failure to cooperate in Discovery, *that is,* to Admit or Deny statements in the Request for Admissions, deems those statements <u>true</u>. (Fed. R. Civ. P. 36(a)(3) and (4); and, the defendant's adamant refusal to provide any documents sought by Subpoena[1] *(See MSJ Affidavit 2, D.I. 134)*, strengthens and renews my prior arguments <u>and evidence</u> that Defendant Monaghan Esq. continues to withhold Union contracts that he acquired for the 1991 State Action (see note 3, infra): documents that reveal information as to the persons credited in my place with Union Wages, Pension and Health contributions *(See MSJ, Affidavit 1, D.I. 133,Ex. HH):* [2]

> *As Defendant Monaghan Esq. himself wrote in the 1991 Complaint*[3] *(MSJ, Affidavit 1, D.I. 133, Ex. K at ¶51—* "[] "defendants Kinder and Kinder & Co. at no time had any intention of carrying out their obligations under the [1989 Separation] Agreement and, in fact, intended to defraud the plaintiff's contributions and taking other actions hereinbefore described to deprive plaintiffs Bryant and (plaintiff's corporation] Square Business of monies due them as well as depriving plaintiff Bryant of pension health and welfare benefits to which she was and is entitled."

4. And, Defendant Monaghan Esq. continues to withhold the BMI Cue Sheets filed in connection to the JEM TV series, that were produced to Defendant Monaghan Esq. in 2000

---

[1] Defendant did not make a claim of Privilege or Protection pursuant to Fed. R.Civ. P. 45(d)(2)(A).

[2] Production of the abstracts of Union Agreements withheld by the defendant since 1991 would provide information needed to restore my drastically-raided Pension.

[3] NY Sup.Ct., Rockland Co., Index No. 2821/91

by BMI, which document the fact that *another Anne Bryant* was used as a "Target Party" conduit to divert my composer's royalties to others who are not entitled to them.*(See MSJ Affidavit 1, D.I. 133, Ex. XX and Ex. TT).*

5. My claims of Deceit and Withholding Documents, *(inter alia)* are part and parcel to the Motion for Summary Judgment that I am entitled to make—(and that I filed timely per your Scheduling Order (D.I. 96))— and to have the MSJ determined by you and Judge Crotty.

## MOTION

6. I respectfully request:  That the Plaintiff's Motion for Summary Judgment (D.I.#s 129-135)) will be judged on merit as a matter of law, according to the Federal Rules of Civil Procedure, and will <u>not</u> be prejudged in any way; and,

7. The premature request by the defendant's attorney for a proposed Pretrial Order will not be granted.

Thank You.

Dated April 3, 2018

_____

Anne Bryant, Plaintiff—ProSe

Filed at Pro Se Intake, WP *via* Priority Mail;  Attorneys receive service via ECF notifications.

April 3, 2018

Pro Se Intake Unit
Office of the Clerk
United States District Court S.D.N.Y.
300 Quarropas Street
New York, NY 10601-4150

*via* Priority Mail

RE:
DOCKET # 15-CV-8427 (PAC-HBP)

ANNE BRYANT, *Plaintiff - Pro Se*
*V.*
SILVERMAN, ET AL
*Defendants*

*Dear Clerk of the Pro Se Intake Unit,*

    Please file this LETTER MOTION and provide the two Courtesy Copies to Hon. Paul A. Crotty and Hon. Henry B. Pitman.

Thank You,
Sincerely,

*[signature: Anne Bryant]*

Anne Bryant, Plaintiff - Pro Se
2601 Jefferson Circle
Sarasota FL 34239
accessab@gmx.com
917-848-5203 cell

Anne Bryant
2601 Jefferson Circle
Sarasota, FL 34239



RECEIVED
APR 06 2018
U.S.D.C.
WP



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
For Domestic and International Use

From

TO  Pro Se Intake Unit
Office of the Clerk
U.S. District Court S.D.N.Y.
300 Quarropas Street
New York, NY 10601-4150

Label 228, January 2008




U.S. POSTAGE
$7.45
PM 3-DAY
34239 0006
Date of sale
04/03/18
06  2S00  SSK

PRIORITY MAIL 3-DAY®

EXPECTED DELIVERY 04/06/2018      0 lb. 2.50 oz.
SHIP TO:                                 0006

US District Court
S.D.N.Y.

300 QUARROPAS ST
WHITE PLAINS NY 10601-4140

USPS TRACKING NUMBER



9505 5000 1792 8093 0002 58