USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/2/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

ANNE BRYANT,                                    :

                        *Plaintiff,*       :

       *- against -*                            :

NOEL L. SILVERMAN, ESQ. *et al.*,               :

                     *Defendants.*      :

----------------------------------------------------------------x

15 Civ. 8427 (PAC) (HBP)

**OPINION AND ORDER**
**ADOPTING REPORT**
**AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff Anne Bryant brings this action *pro se* against her former attorney, Defendant

Patrick J. Monaghan, who represented Bryant in several state-court actions.[1]  On March 22,

2016, Monaghan moved to dismiss the action with prejudice for failure to comply with Fed R.

Civ. P. 8(a)(d) and 9(b), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6); or

alternatively, for summary judgment pursuant to Fed. R. Civ. P. 56.  ECF 25.  On March 6, 2017,

the Court granted summary judgment to Monaghan on two of Bryant's four claims of

malpractice, denied summary judgment on two malpractice claims, and dismissed the remainder

of Bryant's claims.  Opinion and Order, ECF 76.  Thus, only two malpractice claims remain: (1)

Monaghan's alleged conflict of interest with one of Bryant' former business partners, and (2)

Monaghan's alleged failure to file certain documents in a state court action.  *Id.* at 7-9, 12.

On October 31, 2017, Bryant filed a motion for summary judgment on the two remaining

claims.  ECF 129.  On May 4, 2018, Monaghan filed a cross-motion for summary judgment.

ECF 152.  On August 1, 2018, Magistrate Judge Henry Pitman issued his thorough Report and

Recommendation (the "R&R"), recommending denial of both motions for summary judgment.

---

[1] The present action has been discontinued with prejudice as to defendant Noel Silverman.  ECF 44.

ECF 161. On August 15, 2018, both Bryant and Monaghan filed objections to the R&R. ECF

164, 166. Bryant filed a reply to Monaghan's objections on August 22, 2018. ECF 168. The

Court has reviewed the R&R and considered the objections. For the reasons described below,

the Court adopts the R&R and denies both motions for summary judgment.

## LEGAL STANDARDS

### I. Review of Objections

The Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party makes a

timely written objection, the district court must review the contested issues *de novo. See Arista*

*Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010). "However, where a party does not

submit a timely objection, a district court need only satisfy itself that there is no clear error on

the face of the record." *Martinson v. United States Parole Comm'n*, No. 02-cv-4913, 2005 WL

1309054, at *3 (S.D.N.Y. June 1, 2005) (quotation marks omitted).

"To the extent, however, that the party makes only conclusory or general objections, or

simply reiterates the original arguments, the Court will review the Report strictly for clear error."

*Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1

(S.D.N.Y. July 21, 2008). "[E]ven a *pro se* party's objections to a Report and Recommendation

must be specific and clearly aimed at particular findings in the magistrate's proposal, such that

no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

### II. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R.

Civ. P. 56(a), and where "the record taken as a whole could not lead a rational trier of fact to find

for the non-moving party." *Smith v. Cnty. of Suffolk*, 776 F.3d 114, 121 (2d Cir. 2015) (quoting

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court

"resolve[s] all ambiguities and draw[s] all reasonable inferences in the light most favorable to the

nonmoving party." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). *Pro se* litigants'

submissions "must be construed liberally and interpreted 'to raise the strongest argument they

suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting

*Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). However, "a party may not rely on mere

speculation or conjecture as to the true nature of the facts to overcome a motion for summary

judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted).

## R&R ANALYSIS[2]

### I. Bryant's Objections

The R&R recommends denying Bryant's motion for summary judgment because

Bryant's motion papers fail to address why she is entitled to judgment as a matter of law on her

remaining two claims. R&R at 16-17. Bryant makes no specific objections to the R&R's legal

analysis. Rather, she objects to (1) certain factual statements made in the R&R, (2) the R&R's

failure to deem admitted the facts in her 56.1 statement, and (3) the R&R's failure to address

Monaghan's alleged noncompliance with discovery requests.

These objections are easily addressed. First, Bryant's objections to the R&R's findings

of fact are either incorrect or immaterial, such as her objection that a document was "signed"

instead of "initialed." Pl.'s Objections, ECF 164, at 11. Second, courts have broad discretion to

determine whether to overlook a party's noncompliance with Local Rule 56.1 and independently

review the record to make findings of fact instead of relying on the moving party's 56.1

---

[2] The relevant facts are completely and accurately set forth in the R&R.

statement. *Hotz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001). Although Monaghan

failed to file a 56.1 statement, Magistrate Judge Pitman conducted such an independent review

here. Third, a motion for summary judgment is not the appropriate vehicle to address

Monaghan's alleged noncompliance with discovery requests. Such issues should be resolved

through a conference or a motion to compel. Hence, none of Bryant's specific objections are

availing.

The Court reviews for clear error the remainder of the R&R's analysis of Bryant's motion

for summary judgment and finds none. Thus, the Court adopts the R&R's recommendation to

deny Bryant's motion for summary judgment.

## II.    Monaghan's Objections

The R&R concludes that Monaghan's motion is procedurally improper as a successive

motion for summary judgment and that it also fails on the merits. R&R at 17. Monaghan objects

to both conclusions.

"[I]t is improper for a party to file a successive motion for summary judgment which is

not based upon new facts and which seeks to raise arguments it could have raised in its original

motion." *Campers' World Int'l, Inc. v. Perry Ellis Int'l, Inc.*, 221 F.R.D. 409, 409 (S.D.N.Y.

2004). This rule applies even when an initial motion is converted from a motion to dismiss to a

motion for summary judgment. *See Robinson v. Henschel*, No. 10-cv-6212, 2014 WL 1257287,

at *8-9 (SN.D.N.Y. Mar. 26, 2014). Monaghan concedes that his motion is a successive motion

for summary judgment, but he argues that the Court should exercise its discretion to permit it

because he has "expanded the factual record on which summary judgment is sought." *Bonano v.*

*Doe*, 628 F. App'x 25, 27 (2d Cir. 2015) (summary order). Monaghan points to Exhibit F to his

motion, which consists of a letter dated September 25, 2006 and signed by Bryant. *See*

Monaghan Decl., ECF 153, Ex. F. Monaghan argues that the R&R overlooked Exhibit F, and that this letter proves that Bryant consented to his joint representation of Bryant and her former business partner. He further contends that he should be excused from not including this evidence in his previous motion because he was not "engaging in any gamesmanship"; rather, he "had not remembered it or recognized its significance" when drafting his initial motion for summary judgment. Def.'s Objections, ECF 166, at 15.

As an initial matter, the Court notes that this new evidence is relevant only to the conflict-of-interest claim. Monaghan presents no new evidence regarding his alleged failure to file certain documents. In any event, the Court declines to exercise its discretion to permit this successive motion for summary judgment, even as to the conflict-of-interest claim.

As Monaghan concedes, this evidence was available to him at the time of his initial motion for summary judgment. Moreover, the Court will not excuse Monaghan's failure to recognize its significance. To be sure, the conflict-of-interest claim was not the main focus of Bryant's amended complaint. The amended complaint, however, clearly listed a cause of action for malpractice that specifically alleged that Monaghan had a conflict of interest because he simultaneously represented Bryant and her former business partner. Amended Compl., ECF 23, at ¶ 41. It is obvious that a letter signed by Bryant purporting to authorize such a representation would be relevant. Monaghan's bare assertion that he acted in good faith does not excuse him from complying with the rule against successive motions for summary judgment. *See Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) ("The Court does not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest

5

case for summary judgment when the matter is first raised." (quotations and alteration omitted)).

Monaghan also makes no legal arguments that could not have been made in his initial motion.

Thus, the Court agrees with the R&R that the motion is procedurally improper. As a result, it is not necessary to address the merits. Accordingly, the Court adopts the R&R's recommendation to deny Monaghan's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Magistrate Judge Pitman's R&R in its entirety. Accordingly, the Court DENIES both parties' motions for summary judgment. The Clerk of Court is directed to terminate all pending motions in this case.

Dated: New York, New York
       September 1?, 2017

SO ORDERED

_PAUL A. CROTTY_
PAUL A. CROTTY
United States District Judge

Copy Mailed to:

Ms. Anne Bryant
P.O. Box 418
Stony Point, NY 10980