UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/19

------------------------------------------------------------X
                                          :

ANNE BRYANT,                        :

                    *Plaintiff,*      :          15 Civ. 8427 (PAC)

        *-against-*            :          **OPINION & ORDER**
                                   :          **ADOPTING REPORT**
NOEL SILVERMAN, et al.,      :          **& RECOMMENDATION**

                 *Defendants.*     :

                                   :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Anne Bryant brings this action *pro se* against her former attorney, Defendant

Patrick J. Monaghan, who represented Bryant in several state-court actions.[1]  On November 12,

2018, Monaghan moved to dismiss the action, pursuant to Fed. R. Civ. P. 41(b), for Bryant's

alleged failure to prosecute. Dkts. 185, 191.  On August 5, 2019, Magistrate Judge Pitman issued

a thorough Report and Recommendation ("R&R") recommending denial of Monaghan's motion.

Dkt. 204.  Bryant objected to the R&R. Dkt. 205.  Monaghan did not.

      **I.**     **Legal Standard**

      The Court may "accept, reject, or modify, in whole or in part, the findings or

recommendations by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Where a party makes a

timely written objection, the district court must review the contested issues *de novo.  See Arista*

*Records LLC v. Doe*, 604 F.3d 110, 116 (2d Cir. 2010).  "However, where a party does not

submit a timely objection, a district court need only satisfy itself that there is no clear error on

---

[1] Defendant Noel Silverman was dismissed from this action with prejudice on April 11, 2016. (Dkt. 44).

the face of the record." *Martinson v. United States Parole Comm'n*, No. 02-cv-4913, 2005 WL 1309054, at *3 (S.D.N.Y. June 1, 2005) (quotation marks omitted).

"To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.*

## II.    Analysis

The majority of Bryant's objections are not to the R&R, but instead to the Order Magistrate Judge Pitman issued concurrently with the R&R which sets a deadline for pretrial submissions. Dkt. 203. Since that Order is not before the Court, those objections are irrelevant to the Court's decision here to adopt or reject the R&R. Bryant's sole remaining objection is to R&R's Background Section which states that the parties engaged in "negotiation." R&R at 3. According to Bryant, "there was no negotiation" because "Defendant Monaghan is not negotiable." Dkt. 205 at 3. Since the R&R does not rely on this fact in its legal analysis (ultimately resolved in Bryant's favor), the objection is immaterial.

The Court reviews the remainder of the R&R for clear error. Finding none, the Court adopts the R&R. The Clerk of Court is directed to terminate the motions at Dkts. 185 and 191.

Dated: New York, New York
      September ⌐, 2019

SO ORDERED

_Paul A. Crotty_
PAUL A. CROTTY
United States District Judge

2

Copies Mailed to:

Ms. Anne Bryant
P.O. Box 418
Stony Point, NY 10980